[No. 12770. Department One. December 18, 1915.]

JOSHUA R. VANSANT, *Respondent*, v. JOHN P. HARTMAN *et al.*, *Appellants.*[1]

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS TO FINDINGS—REVIEW. Where no objection is made to findings of fact, exceptions thereto are not necessary to raise the point that the conclusions of law are not warranted by the findings.

MORTGAGES—OF LEASEHOLD—CONSTRUCTION—AFTER ACQUIRED TITLE—LANDLORD AND TENANT—TITLE OF PARTIES—MERGER. Where a lease for the term of fifty years gave the lessee the right to make improvements and an option to purchase the property at the end of ten years, with the right of removal of buildings at the end of the term, a mortgage made by the lessee, shortly after, to one who advanced money for the construction of a building, describing the mortgaged property as "that certain indenture of lease, together with all his right, title and interest now and to be in and to the premises, therein described . . . together with all buildings and appurtenances now situated and being upon said described premises," was intended to cover the leasehold only; hence an after acquired title, before the expiration of the ten years, when the lessee procured a trustee to purchase the fee from heirs of the lessor, does not inure to the benefit of the mortgagee; hence his purchase upon foreclosure sale covers only the leasehold.

Appeal from a judgment of the superior court for King county, Claypool, J., entered December 31, 1914, upon find-

[1]Reported in 153 Pac. 1062.

ings in favor of the plaintiff, in an action to determine the title to real property, tried to the court. Reversed.

*Edward Brady, John P. Hartman,* and *H. A. P. Myers,* for appellants.

*Charles S. Gleason* and *Peters & Powell,* for respondent.

MOUNT, J.—In this action the plaintiff claims to be the owner of lots 5, 6, 7, 8, 9, and 10, in block 16 of Edes & Knight's addition to the town (now city) of Seattle, by virtue of the foreclosure of a mortgage upon a leasehold interest therein. The defendants Hartman and wife claim to be the owners of the property, subject to the payment of the purchase price thereof to them by Mr. Martin; and Martin and wife claim to be the owners, subject to the payment of $25,000 to Hartman. Upon a trial of the case, the trial court entered a decree adjudging the plaintiff to be the owner of the property upon the payment to Martin of $2,790, with interest, and to John P. Hartman the sum of $25,000, with interest. The defendants Hartman and wife and Martin and wife have appealed from that decree.

The facts are as follows: On October 23, 1906, one Joseph H. Melchoir, commonly known as Melody Choir, was the owner of the real property above described. On that day, he entered into an agreement with the defendant William M. Meacham, whereby he leased the lands to Meacham for a term of fifty years, and granted to Meacham the option to purchase the same at the expiration of ten years from the date of the lease. According to the terms of the lease, the lessee agreed to pay to the lessor $175 per month during the lifetime of the lessor, and the sum of $140 per month to his estate after his death. The lessee agreed to pay all taxes and special assessments upon the property during the term of the lease. The lease provided that the lessee, at his own expense, might place improvements upon the premises, and that such improvements should remain the property of the

lessee during the life of the lease, and that the lessee should have ninety days after the expiration of the lease in which to remove such improvements from the property; that, if the lessee should fail to make any of the payments provided for, or fail to keep any of the covenants contained in the lease, then the lessor should have the right to terminate the lease and reenter upon the premises, in which event all improvements should be forfeited to the lessor. The lease is made binding upon the respective parties, and their heirs, personal representatives, and assigns. About two months after the execution of the lease, the lessor, Melody Choir, died, and the title to the real estate vested in his brother, Augustus Melchoir.

After the execution of the lease, the lessee, Mr. Meacham, assigned a three-fifths interest therein to the plaintiff, Joshua R. Vansant. Thereafter Mr. Vansant advanced something over $45,000, which was expended in the erection of an apartment house upon a portion of the leased property. Thereafter, in December, 1907, Mr. Vansant reconveyed his interest in the lease back to Mr. Meacham, who thereupon executed his note to Mr. Vansant for the sum of $45,132, and to secure the same executed a mortgage to Vansant upon the leasehold. This mortgage contained the following provision:

"That the mortgagor mortgages to said mortgagee, his heirs and assigns, all that certain property situate and described as follows, to-wit: That certain indenture of lease, together with all of his rights, title, and interest now and to be in and to the premises therein described, bearing date the 24th day of October, 1906, given by Melody Choir, lessor, to William M. Meacham, lessee, (then describing the property) reference being had thereto for the full and particular terms thereof, together with all buildings and appurtenances now situated and being upon said described premises."

This mortgage was dated December 12, 1907.

Thereafter, on the 21st day of December, 1907, Mr. Meacham conveyed, by a written assignment, an undivided one-half interest in and to the original lease, to the defendant William Martin, subject to the mortgage to Mr. Vansant.

Thereafter, in the year 1910, Mr. Meacham and Mr. Martin, being the owners of the fifty-year lease and the apartment house upon a portion of the property, with the right to purchase the real estate at the expiration of ten years from the date of the lease, procured the defendant John P. Hartman to purchase the real estate from Augustus Melchoir for the sum of $27,000. Mr. Hartman, for that sum, purchased the property in his own name. Of this sum, $2,500 was paid by Mr. Martin. Thereupon Mr. Hartman executed a writing to the effect that, upon the payment to him of $25,000, which sum he had furnished for the purchase of the property, he would convey the title to Mr. Meacham and Mr. Martin. They gave their joint note to Mr. Hartman for the $25,000 advanced by him. This note does not become due until December, 1915.

Mr. Vansant, in June, 1911, brought an action against Meacham and wife to foreclose his mortgage of $45,132. Mr. Martin and wife, and Mr. Hartman and wife, were made parties to that action. On March 15, 1912, a decree of foreclosure was entered in that action. The property directed to be sold was described as follows:

"That certain agreement and indenture of lease and the estate thereby created made the 24th day of October, 1906, by and between Melody Choir and the defendant William M. Meacham and of record in the office of the auditor of King county, Washington, in Volume 20 of Leases, at page 29, of, in and to the following described real estate situated in the county of King and state of Washington, and particularly described as follows, to-wit: [Describing the property] and all the right, title, and interest which the defendants herein and each and every of them now have or on the 5th day of June, 1911, did have in and to the said agreement and indenture of lease and the estate thereby created in said above described real estate and the buildings and improvements situated thereon, and the appurtenances thereunto belonging, acquired by, through or under the defendant William M. Meacham in said agreement and indenture of lease called

the lessee, or his assigns, and all the right, title and interest which the defendant William M. Meacham had in said above described premises at the time of the execution of said mortgage and which said defendant William M. Meacham or Kate Meacham, his wife, or either of them may have acquired therein at any time subsequent to the execution of said mortgage and prior to the date of this decree."

A sale was had under this decree and Mr. Vansant became the purchaser for the full amount of his judgment and costs. A certificate of purchase and a sheriff's deed issued to Mr. Vansant as purchaser. This deed is dated the 20th day of May, 1913, and describes the property conveyed in the language of the decree. Mr. Vansant thereafter continued to pay the ground rent to Mr. Hartman, the record owner and holder of the legal title.

While that foreclosure suit was pending, Mr. Meacham and Mr. Martin, who had, after the transfer by Mr. Meacham to Mr. Martin of a one-half interest in the lease, been partners in the enterprise, dissolved their partnership, and on the 13th day of March, 1914, Mr. Meacham conveyed by deed to Mr. Martin all of his interest in the real property above described.

At the trial of this case, Mr. Vansant testified that he did not know, at the time of the foreclosure, that Mr. Hartman held the legal title in trust for Mr. Martin and Mr. Meacham. This was a disputed fact in the case. On the trial, the court entered a decree as first above stated. The defendants Hartman and wife and Martin and wife have appealed from that decree.

It is argued by the respondent that the decree must be affirmed because no exceptions were taken to any of the findings. But as we understand the position of the appellants, it is not claimed that the findings of fact are wrong, but they argue that the conclusions drawn therefrom do not follow, and that, therefore, it was not necessary to take exceptions to the findings; and further, that the findings and the decree

are mingled together so that the findings are not separately stated. We have frequently held that, where the conclusions do not follow from the findings, no exceptions to the findings are necessary. *Hallidie Co. v. Washington Brick, Lime & Mfg. Co.*, 70 Wash. 80, 126 Pac. 96; *Nichols v. Capen*, 79 Wash. 120, 139 Pac. 868. We are satisfied, therefore, that there is no merit in this contention.

The principal point in the case is whether the respondent Vansant, upon the foreclosure of his mortgage, foreclosed upon the interest of the defendants in the real property. We think this point must determine the case. It is apparent that the mortgage given by Mr. Meacham to Mr. Vansant was a mortgage only upon the leasehold interest, which consisted, at that time, of the lease for 50 years, and the ownership of the building which was erected upon a portion of the property. Under the terms of the lease from Melody Choir to Meacham, the latter was not authorized to purchase the property within ten years. It was at the expiration of ten years only that he was authorized to purchase the real property. That period has not yet elapsed. The terms of the mortgage executed by Meacham to Vansant, above set out, describes the property mortgaged as follows:

"That certain indenture of lease, together with all of his rights, title and interest now and to be in and to the premises therein described, bearing date the 24th day of October, 1906, given by Melody Choir, lessor, to William M. Meacham, lessee, . . . together with all buildings and appurtenances now situated and being upon said described premises."

It is plain that the parties to this mortgage intended to mortgage only the leasehold and the building upon the leased property, for that is all the interest which Meacham then had. We are satisfied from the language of the lease itself, and from the surrounding circumstances, which are admitted, that the parties to this mortgage, at the time it was made, never intended that the mortgage should be a lien upon

21—88 WASH.

the real estate itself, but only upon the lease and the buildings located upon the real estate. When the property was sold, the decree described the property as follows:

"That certain agreement and indenture of lease and the estate thereby created made the 24th day of October, 1906, by and between Melody Choir and the defendant William M. Meacham . . . and all the right, title, and interest which the defendants herein and each and every of them now have or on the 5th day of June, 1911, did have in and to the said agreement and indenture of lease and the estate thereby created in said above described real estate and the buildings and improvements situated thereon . . ."

Upon the sale of this property by the sheriff, the plaintiff in the foreclosure action, and in this action, bid the amount of his judgment and costs, not knowing, as he said, that the defendants, or any of them, at that time had acquired the legal title to the real estate. He was satisfied then to bid the full amount of his judgment and costs for the leasehold interest without the real estate. We think it is plain, therefore, that the parties to the mortgage, Meacham and Vansant, intended only to cover the leasehold interest in the real estate as described in the lease, and the buildings which had been subsequently constructed thereon under the terms of the lease, because that is all the interest which Meacham had at that time. If Meacham had mortgaged the real estate to Vansant, we have no doubt that an after acquired title to the real estate would be subject to the mortgage, under the authorities cited by the respondent. But we are also satisfied that, where the parties did not intend the mortgage to cover the real estate, and where it does not clearly do so, the subsequent acquisition of the title to the real estate did not pass under, and become subject to, the mortgage. This conclusion makes it unnecessary for us to consider the many questions presented in the appellants' and in the respondent's briefs.

This conclusion also makes it possible for exact justice to be done to all parties to this litigation. The plaintiff

will have the right to the lease and the use of the buildings according to the terms of the lease, which he was satisfied to take for his investment. Mr. Hartman, who holds the legal title, will also be made whole for his investment, according to the conditions upon which he holds the legal title. And Mr. Martin may acquire the fee, subject, of course, to the terms of the lease. This conclusion plainly gives justice to all parties, and we think it is the correct solution of the question.

The judgment appealed from is therefore reversed, and the cause ordered dismissed.

MORRIS, C. J., CHADWICK, FULLERTON, and ELLIS, JJ., concur.