[No. 12770. Department One. May 10, 1916.]

JOSHUA R. VANSANT, *Respondent*, v. JOHN P. HARTMAN *et al.*, *Appellants.*[2]

Appeal from a judgment of the superior court for King county, Claypool, J., entered December 31, 1914, upon findings in favor of the plaintiff, in an action to determine the title to real property, tried to the court. Reversed.

*Edward Brady, John P. Hartman*, and *H. A. P. Myers*, for appellants.
*Charles S. Gleason* and *Peters & Powell*, for respondent.

ON PETITION FOR REHEARING.

PER CURIAM.—The respondent petitions this court for a modification of the opinion filed herein, 88 Wash. 636, 153 Pac. 1062. The

[1]Reported in 155 Pac. 1150.
[2]Reported in 157 Pac. 461.

appellants have filed a petition for a rehearing, arguing, in substance, that the original lease has been terminated because of failure to pay rent.

We think the original opinion is clear; but in order to avoid confusion or misconstruction of the opinion, we may say that it was our intention to hold that the plaintiff, Vansant, is entitled to all the rights of the original lessee under the lease and liable to perform the lease as the original lessee; that Mr. Martin has succeeded to all the rights of the original lessor and is now the equitable owner of the fee, subject to the rights of the lessee to purchase under the terms of the lease at the expiration of ten years from the date thereof; and that Mr. Hartman holds the legal title, subject to the payment of $25,000 and interest. With this modification, if it may be said to be such, we think the original opinion is plain.

In reference to the petition of the appellants for a rehearing, we are satisfied that there was no intention of the parties to terminate the lease. After the foreclosure action, the respondent concluded that he was the owner of the fee and, therefore, did not pay rent. To hold that he had forfeited his lease, under the complicated conditions of the case, would be a manifest injustice.

The petition for rehearing is therefore denied.