[No. 15299.  Department One.  July 9, 1919.]

N. NISHIMOTO, *Respondent,* v. R. D. VERNON *et al.,*
*Appellants,* E. A. CARLTON, *Respondent.*[1]

APPEAL (48)—DECISIONS REVIEWABLE—FINAL ORDERS. An order striking an answer of one of the defendants is not appealable because it is not a final order within the contemplation of Rem. Code, § 1716.

HUSBAND AND WIFE (88)—COMMUNITY PROPERTY—ACTIONS—RIGHT OF WIFE TO DEFEND. In an action for damages for breach of a contract made by a husband for the sale of personal property, the wife is not entitled to separately answer and show that the property was her separate property, where no judgment was sought against her individually or affecting her separate estate.

APPEAL (148)—EXCEPTIONS TO CONCLUSIONS. It is not necessary to take exceptions to conclusions of law.

PARTNERSHIP (55) — ACTIONS — CERTIFICATE OF ASSUMED NAME. Objections to a codefendant's maintenance of a cross-complaint upon a contract made by him in an assumed name, without the precedent filing of the certificate as to assumed names, as required by Rem. Code, § 8369, is not available to one who consented to the introduction of the certificate in evidence.

Appeal from a judgment of the superior court for King county, Ralston, J., entered December 13, 1918,

[1]Reported in 182 Pac. 617.

upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Mitchell & Lawrence,* for appellants.

*George Gregory,* for respondent Carlton.

*J. Grattan O'Bryan,* for respondent Nishimoto.

MITCHELL, J.—In consideration of $500, as earnest money and part payment of the purchase price paid by N. Nishimoto to Carlton & Hegens, agents for R. D. Vernon, vendor, a written contract was entered into for the sale to Nishimoto of the furniture and furnishings in the Hotel Perrin, Seattle, Washington, and for procuring from the owners of the building consent to the assignment of the lease which the vendor held. The total price to be paid was $8,000, one-half cash, the other in deferred payments. The contract provided for the return of the $500 if the seller was unable to deliver the property with good title within five days from the date of the contract, and for the forfeiture of the $500 if the purchaser failed to comply with his part of the agreement. This much of the contract was signed by Carlton & Hegens, agents, and by N. Nishimoto. Below their signatures, the contract continues and is signed as follows:

"I approve the above receipt and agreement and agree to pay to Carlton & Hegens, as my agents, the sum of three hundred and fifty dollars ($350) for services rendered when deal is completed, or one-half of earnest money receipted for hereon in case same is forfeited.

"I hereby covenant that I am the owner of the above described property and have the legal right to sell the same.            R. D. Vernon, Vendor."

Upon the failure and refusal of Vernon to deliver the property within and after the time mentioned, and upon demand of Nishimoto for the return of the $500,

and refusal of the seller and his agent to make return, this action was instituted on the contract to recover judgment against Carlton & Hegens and R. D. Vernon, individually, and the community consisting of himself and Harriett Vernon, his wife. R. D. Vernon answered for himself and wife, putting in issue the allegations of the complaint. E. A. Carlton, doing business as Cartlon & Hegens, answered, in effect admitting the allegations of the complaint, and at the same time, apparently without any objections to the procedure, filed a so-called cross-complaint against R. D. Vernon, individually, and the community consisting of himself and wife, for $350 commission, as provided for in the contract. The allegations of the cross-complaint were denied by R. D. Vernon for himself and wife.

The cases were tried by the court without a jury. Findings of fact were made and entered conforming to the allegations of the complaint of Nishimoto and the complaint of Carlton against Vernon and wife. Among other things, the court found that, in signing the contract, R. D. Vernon acted for himself and the community composed of himself and Harriett Vernon, his wife; that the plaintiff was ready, able and willing to perform the contract, and that he made a demand upon defendants for performance of their part or for the return of the $500, which was refused by defendants; and that Vernon and wife refused to perform the contract without any justifiable reason. Suitable conclusions of law were also made and entered. Upon the findings and conclusions, judgment was entered in favor of Nishimoto against defendant Carlton for the return forthwith of the $500 still held by him, with costs against Carlton and Vernon and wife, and in the event of the failure of Carlton to forthwith return the $500, plaintiff should have judgment against Carlton and R. D. Vernon and the marital community of R. D.

Vernon and Harriett Vernon, his wife, for the sum of $500. It was further provided therein that Carlton have judgment upon his complaint against R. D. Vernon and the marital community of R. D. Vernon and Harriett Vernon, his wife, for the sum of $350.

Defendant R. D. Vernon, for himself and the community, has appealed. It may be here noticed that, in framing the issues, Harriett Vernon, appearing separately for herself and the community composed of herself and husband, filed an amended answer to the Carlton complaint, which amended answer was, upon motion, ordered stricken from the files. Thereupon she served and filed a notice of appeal from that order. Such notice of appeal is ineffectual, notwithstanding her joining her husband in his appeal bond, which, among other things, refers to the order as appealed from, because such an order is not a final order or judgment within the contemplation of Rem. Code, § 1716, which enumerates the determinations that may be appealed from.

There is a large number of assignments of error which may be readily considered in groups.

I. In settling the pleadings, Harriett Vernon, appearing separately from her husband, unsuccessfully attempted to answer for herself, individually, and for the marital community of herself and husband, R. D. Vernon, plaintiff's complaint, and also the complaint of Carlton; and at the trial, although there was some proof to show the hotel furniture and furnishings were the property of Mrs. Vernon in her separate right and of her daughter, the court refused to allow evidence of any necessity for Mrs. Vernon's signature to make a binding contract to sell. The rulings were not erroneous. The complaints were upon contracts, and judgments were sought that in no way affected Mrs. Vernon in her own right and property.

II.  Other than one assignment of error to be mentioned later, all the remaining assignments that need be noticed call in question the findings of fact and conclusions of law made and entered by the trial court. It was not necessary to take exceptions to the conclusions of law. *Katterhagen v. Meister,* 75 Wash. 112, 134 Pac. 673.  Proper exceptions having been taken to all the essential findings of fact, we are called upon to decide if they are warranted by the evidence. An examination of the evidence shows that, although not without conflict in some respects, it abundantly supports and preponderates in favor of the findings made.

Lastly, it is contended that, as E. A. Carlton alone was doing business in the firm name of Carlton & Hegens, he was not entitled to maintain his action against appellant without alleging and proving the execution of and filing in the county clerk's office a certificate setting forth such fact, as required by Rem. Code, § 8369 *et seq.*  If that law is applicable generally in such cases as this, appellant cannot complain here, for the record shows that, at the trial, his attorney furnished, requested and consented to the introduction in evidence of a certified copy of such business certificate made and filed in the clerk's office by Carlton long prior to the trial.

Finding no error, the judgments are affirmed.

HOLCOMB, C. J., TOLMAN, MAIN, and MACKINTOSH, JJ., concur.