[No. 21234. Department One. August 29, 1928.]

THE STATE OF WASHINGTON, *Appellant*, v. STATHIS MAVRIKAS, *Respondent*.[1]

[1] TRIAL (153)—FINDINGS OF FACT—CONCLUSION OF LAW. The concluding clause of findings of fact to the effect that the relief prayed for would be but inequitable is but a conclusion of law.

[2] APPEAL (148)—EXCEPTIONS TO CONCLUSIONS. It is not necessary to take exceptions to conclusions of law.

[3] FISH (5)—STATUTES (73)—CONFISCATION OF FISHING BOAT—CONSTRUCTION AS MANDATORY—MAY AND SHALL. Under Rem. Comp Stat., § 5692, providing that fishing appliances unlawfully used "may" be seized by the commissioner and forfeited to the state, and *Id.* § 5693, providing that persons fishing without a license with an appliance shall be deemed guilty of a misdemeanor, and the commissioner is authorized to seize the appliance, and the same "shall" be forfeited to the state, in a suit by the state to confiscate an appliance so used, it is mandatory upon the court to confiscate the property.

Appeal from a judgment of the superior court for King county, Findley, J., entered January 12, 1928, upon findings in favor of the defendant, in an action to confiscate a motor boat and appliances, tried to the court. Reversed.

*Ewing D. Colvin* and *R. L. Bartling*, for appellant.
*James E. Bradford*, for respondent.

[1]Reported in 269 Pac. 805.

PARKER, J.—This proceeding was commenced in the superior court for King county, by the petition of the supervisor of fisheries on behalf of the state, seeking a judgment confiscating to the state a motor boat and its appliances owned by the defendant, Mavrikas, and unlawfully used by him in fishing in Puget Sound, in King county. Trial upon the merits in that court, sitting without a jury, resulted in findings and judgment denying to the state the relief prayed for, from which it has appealed to this court.

As we view this case, the controlling facts are stated in the findings of the court, and may be summarized as follows: On October 20, 1927, the motor boat, Queen of the Seas, together with her tackle and appliances, including a large gill net and other fishing appliances, all owned by Mavrikas, was being used by him unlawfully for the purpose of fishing for salmon and other food fish in the waters of Puget Sound, in King county, he not then having a license to so fish, as required by the fishing code of this state. Mavrikas, then so fishing, caught about fifteen fish. On that day, the state supervisor of fisheries seized the boat and its appliances, and thereupon petitioned the superior court for King county for a judgment of confiscation of the boat and appliances to the state. Following the making of findings showing the facts above summarized, the trial court concluded its findings, as follows:

"That, on or about the 20th day of October, 1927, defendant was arrested and on October 28, 1927, was tried before the justice court in Seattle, said county and state, Judge Chester A. Batchelor presiding, and found guilty of the charge of illegal fishing, and was thereupon sentenced by said court to pay a fine of $100; that said fine has been paid and all the terms of said sentence performed; that said boat and other properties listed in said inventory includes all the properties

which defendant now owns or has any interest in, and
that he is over fifty-five years old, and has no employ-
ment or occupation whatsoever other than that of fish-
ing with such a boat; that the above is the first and
only time defendant was ever arrested and with that
exception he has always been a law abiding member of
society; that in view of all the foregoing facts and the
circumstances surrounding said properties it would be
unfair, unjust and inequitable for the court by its
order to confiscate all of said properties to the state.''

In denying the relief prayed for by the state, the
trial judge manifestly proceeded upon the theory that
the matter of rendering a judgment of confiscation of
the boat and appliances was within the discretion of
the court, though the state had shown legal cause for
such confiscation.

[1, 2] There were no exceptions taken by counsel
for the state to any of the findings, and it is here con-
tended by counsel for Mavrikas that, therefore, this
court is bound by the concluding language of the above
quoted finding that,

''  .  .  .  in view of all the foregoing facts and
the circumstances surrounding said properties it would
be unfair, unjust and inequitable for the court by its
order to confiscate all of said properties to the state.''

It seems to us that this quoted language is not a find-
ing of fact, but a mere conclusion of law which the trial
court made from the facts found.  Since we regard the
case determinable from the facts as found, without
any necessity of looking to the very short statement
of facts proposed by counsel for the state and certi-
fied by the trial judge, it is of no consequence that
there were no exceptions taken to the findings or to
this conclusion of the trial court.  *Hallidie Co. v.
Washington Brick etc. Co.*, 70 Wash. 80, 126 Pac. 96;
*Katterhagen v. Meister*, 75 Wash. 112, 134 Pac. 673;
*Nichols v. Capen*, 79 Wash. 120, 139 Pac 868; *Vansant*

*v. Hartman,* 88 Wash. 636, 153 Pac. 1062; *Nishimoto v. Vernon,* 107 Wash. 555, 182 Pac. 617.

[3] Our problem then is as to what judgment the law requires from the facts so found by the trial court. The applicable provisions of our fisheries code, referring to sections of Remington's Compiled Statutes, are the following:

"§ 5692. Any fishing appliance or part thereof found in the waters of this state wherein the same are prohibited, the same being placed therein for the purpose of illegal fishing is hereby declared a public nuisance and shall be subject to abatement as a public nuisance, and it shall be the duty of the commissioner to enforce the provisions of this section; and any and all appliances used in violation of any of the provisions of this act, viz.: Boats, traps, nets, fish-wheels or other appliances, shall be subject to execution for the payment of any fines imposed on the owner thereof. Such appliance may be seized by the commissioner and *may* be forfeited to the state, and the superior courts of the state of Washington shall have exclusive jurisdiction of all such cases.

"§ 5693. It shall be unlawful to catch, take or fish for food fish with any appliance or by any means whatsoever except with hook and line commonly called angling or trolling unless license so to do has been first obtained from the commissioner.

"The presence in any of the waters of this state of any craft of any nature whatever equipped with any of the appliances required to be licensed by the laws of this state for the taking of fish, or of any fishing appliance for which licenses are required shall be prima facie evidence that the owners thereof are engaged in fishing.

"Any person who shall engage in fishing with any appliance whatsoever without having first obtained a license or made lawful application therefor shall be deemed guilty of a misdemeanor and the commissioner is hereby authorized to seize said appliance and the same *shall* be confiscated to the state."

We italicize the words "shall" and "may" which are to be presently particularly noticed. It is conceded that the word "commissioner" in these sections, by reason of subsequent legislation, now mean "supervisor of fisheries."

We do not understand counsel for Mavrikas as making any serious contention here that the boat and fishing appliances were not being unlawfully used and became liable to confiscation. His contention is, as we understand it, that it was within the discretion of the trial court as to whether or not such confiscation should be adjudged, though the facts may support a judgment of confiscation. It is argued that the word "may" in § 5692 and the word "shall" in § 5693 should both be viewed as meaning "may" in the popular sense, and as so indicating a discretionary duty of the court when applied to for a judgment of confiscation, and that these words are not mandatory upon the court requiring it to render such a judgment, though the facts proven and found upon the trial show, as here, that the statute has been violated, warranting a judgment of confiscation.

We cannot agree with this contention. It may be that the word "may", as used in § 5692, in so far as it relates to the duties of the supervisor of fisheries, vests in him discretion as to whether or not he will prosecute in the superior court an action for confiscation; but we are not here concerned with his possible discretion. It seems plain to us that the words "may" and "shall", as used in these sections, are mandatory upon the court when it is properly applied to in behalf of the state for a judgment of confiscation, supported by clear legal proof showing its right in that behalf. The applicable rule is well stated in *Wheeler v. Chicago,* 24 Ill. 105, as follows:

"The word *may* is construed to mean shall, whenever the rights of the public, or third persons, depend upon the exercise of the power or the performance of the duty to which it refers. And so, on the other hand, the word *shall* may be held to be merely directory, when no advantage is lost, when no right is destroyed, when no benefit is sacrificed, either to the public or to any individual, by giving it that construction; but if any right to any one depends upon giving the word an imperative construction, the presumption is, that the word was used in reference to such right or benefit."

The decisions in *Tolmie v. Dean,* 1 Wash. Terr. 46, and *State ex rel. Nicomen Boom Co. v. North Shore Boom & Driving Co.,* 55 Wash. 1, 103 Pac. 426, hold to this view of the law.

It seems plain to us that under the facts here proven and found the state is, as a matter of law, entitled to a judgment of confiscation as prayed for. The judgment is reversed and the case remanded to the superior court with directions to enter its judgment accordingly.

FULLERTON, C. J., TOLMAN, MITCHELL, and FRENCH, JJ., concur.