[No. 9273-1-I. Division One. July 16, 1982.]

GARY ALFRED CRAPE, *Appellant,* v. LARRY MOUNT, ET AL, *Respondents.*

*William Johnston*, for appellant.

*David S. McEachran, Prosecuting Attorney*, for respondents.

CALLOW, J.—Gary A. Crape appeals from a summary judgment granted to Whatcom County and its sheriff, Larry Mount. The appellant, Crape, was arrested on January 30, 1979 for selling marijuana to juveniles near a local high school; he had been driving his car at the time. On March 21, 1979, he was convicted for unlawful possession of a controlled substance with intent to deliver and unlawful delivery of a controlled substance. *See* RCW 69.50.401(a). On April 7, 1979, a sheriff's deputy seized the car and gave Crape the notice required under the forfeiture statute. Crape filed the present action on May 21, 1979.

Crape sought a declaratory judgment that RCW 69.50-.505(b)(4), the forfeiture statute, was unconstitutional on its face and as applied in this case. He sought damages, return of the vehicle seized and attorney's fees, and argues that genuine issues of material fact rendered summary judgment inappropriate. We affirm and uphold the constitutionality of the statute.

Subsection (a) of the forfeiture statute sets forth the property subject to seizure and forfeiture.

69.50.505 Seizure and forfeiture. (a) The following are

subject to seizure and forfeiture:

(1) all controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of this chapter;

. . .

(4) all conveyances, including aircraft, vehicles, or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in paragraphs (1) or (2), but: . . .

RCW 69.50.505(a). Subsection (b) states who may seize property and the standards for seizure without process.

(b) Property subject to forfeiture under this chapter may be seized by any board inspector or law enforcement officer of this state upon process issued by any superior court having jurisdiction over the property. Seizure without process may be made if:

. . .

(4) the board inspector or law enforcement officer has probable cause to believe that the property was used or is intended to be used in violation of this chapter.

RCW 69.50.505(b). Notice to the owner is provided in subsection (c); subsection (d) states the effect of the owner's failure to respond.

(c) In the event of seizure pursuant to subsection (b), proceedings for forfeiture shall be deemed commenced by the seizure. The law enforcement agency under whose authority the seizure was made shall cause notice to be served within fifteen days following the seizure on the owner of the property seized . . . The notice may be served by any method authorized by law or court rule including but not limited to service by certified mail with return receipt requested. Service by mail shall be deemed complete upon mailing within the fifteen day period following the seizure.

(d) If no person notifies the seizing law enforcement agency in writing of the person's claim of ownership or right to possession of items specified in subsection (a)(4) of this section within forty–five days of the seizure, the item seized shall be deemed forfeited.

RCW 69.50.505(c), (d). Subsection (e) gives the owner an opportunity to be heard.

(e) If any person notifies the seizing law enforcement agency in writing of the person's claim of ownership or right to possession of items specified in subsection (a)(4) of this section within forty–five days of the seizure, the person or persons shall be afforded a reasonable opportunity to be heard as to the claim or right. The hearing shall be before the chief law enforcement officer of the seizing agency or the chief law enforcement officer's designee, except that any person asserting a claim or right may remove the matter to a court of competent jurisdiction if the aggregate value of the article or articles involved is more than five hundred dollars. A hearing before the seizing agency and any appeal therefrom shall be under chapter 34.04 RCW. In a court hearing between two or more claimants to the article or articles involved, the prevailing party shall be entitled to a judgment for costs and reasonable attorney's fees. The burden of producing evidence shall be upon the person claiming to be the lawful owner or the person claiming to have the lawful right to possession of items specified in subsection (a)(4) of this section. The seizing law enforcement agency shall promptly return the article or articles to the claimant upon a determination by the hearing officer or court that the claimant is the present lawful owner or is lawfully entitled to possession thereof of items specified in subsection (a)(4) of this section.

RCW 69.50.505(e). Finally, subsection (f) provides for disposition of the property.

(f) When property is forfeited under this chapter the board or seizing law enforcement agency may:

(1) retain it for official use or upon application by any law enforcement agency of this state release such property to such agency for the exclusive use of enforcing the provisions of this chapter;

(2) sell that which is not required to be destroyed by law and which is not harmful to the public. The proceeds shall be used for payment of all proper expenses of the proceedings for forfeiture and sale, including expenses of seizure, maintenance of custody, advertising and court costs;

(3) request the appropriate sheriff or director of public safety to take custody of the property and remove it for disposition in accordance with law; or

(4) forward it to the Bureau for disposition.

RCW 69.50.505(f). The statute was enacted in 1971, amended in 1977 and again amended in 1981. The balance of the statute is not pertinent to this appeal, nor are the 1981 amendments. *See* Laws of 1981, chs. 48, 67.

## I
### THE FORFEITURE STATUTE IS CONSTITUTIONAL ON ITS FACE

Earlier versions of the forfeiture statute did not provide notice or an opportunity for the owner to be heard either before or after the property was seized. *State v. One 1972 Mercury Capri,* 85 Wn.2d 620, 537 P.2d 763 (1975), *State v. Matheason,* 84 Wn.2d 130, 524 P.2d 388 (1974), and *Everett v. Slade,* 83 Wn.2d 80, 515 P.2d 1295 (1973) held that the statute denied the property owners due process and was therefore unconstitutional. In each case, cars were seized under subsection (b)(4) at the time the owners were arrested. That subsection allows seizure without process if the officer "has probable cause to believe that the property was used . . . in violation of this chapter." In *Everett* and *Matheason,* forfeiture proceedings were not begun until approximately 2 months after the seizure; the delay in *Mercury Capri* was about 6 weeks.

Due process requires that an owner be given notice and an opportunity to be heard before property is seized, *except* in "extraordinary situations."

> Only in a few limited situations has this Court allowed outright seizure without opportunity for a prior hearing. First, in each case, the seizure has been directly necessary to secure an important governmental or general public interest. Second, there has been a special need for very prompt action. Third, the State has kept strict control over its monopoly of legitimate force: the person initiating the seizure has been a government official responsible for determining, under the standards of a narrowly drawn statute, that it was necessary and justified in the particular instance.

(Footnote omitted.) *Fuentes v. Shevin,* 407 U.S. 67, 90–91,

32 L. Ed. 2d 556, 92 S. Ct. 1983 (1972).

*Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 40 L. Ed. 2d 452, 94 S. Ct. 2080 (1974) upheld a forfeiture statute similar to the present Washington version. Puerto Rican authorities seized a yacht used to carry marijuana. The lessee was given notice within 10 days of the seizure, as required by statute.[1] When no challenge to the seizure was made within 15 days of the notice, the yacht was forfeited to the government. The Court held that the lack of notice and hearing before seizure did *not* deny due process. The Court applied the "extraordinary situation" exception to the general due process requirements.

> First, seizure under the Puerto Rican statutes serves significant governmental purposes: Seizure permits Puerto Rico to assert *in rem* jurisdiction over the property in order to conduct forfeiture proceedings, thereby fostering the public interest in preventing continued illicit use of the property and in enforcing criminal sanctions. Second, preseizure notice and hearing might frustrate the interests served by the statutes, since the property seized—as here, a yacht—will often be of a sort that could be removed to another jurisdiction, destroyed, or concealed, if advance warning of confiscation were given. And finally, unlike the situation in *Fuentes,* seizure is not initiated by self–interested private parties; rather, Commonwealth officials determine whether seizure is appropriate under the provisions of the Puerto Rican statutes. In these circumstances, we hold that this case presents an "extraordinary" situation in which postponement of notice and hearing until after seizure did not deny due process.

(Footnotes omitted.) *Calero–Toledo,* at 679–80.

*Everett v. Slade* was decided prior to the holding in *Calero–Toledo* that due process did not require notice and a

---

[1] In the case before us it is established that Crape was the *owner* of the vehicle. The inherently unfair seizure of an innocent owner–lessor's aircraft, vehicle or vessel because it was being used for illegal purposes by a lessee is not before us. *See Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 691, 40 L. Ed. 2d 452, 94 S. Ct. 2080 (1974) (Douglas, J., dissenting in part). Further, RCW 69.50-.505 appears to require ownership of the offending conveyance by the culpable party. Interpretation of that aspect of the statute is not presented either.

hearing *before* seizure of a vehicle used to carry marijuana. The *Everett* court did not believe the seizure involved an extraordinary situation which justified the lack of notice or a hearing *before* the car was taken. Moreover, there was

no showing that the seizure was directly necessary to secure an important government or general public interest and that there was a need for very prompt action. In fact, none of the criteria set forth in . . . *Fuentes* have been met. Further, RCW 69.50.505(b)(4) is not "narrowly drawn," as required by *Fuentes,* and it makes no provision for an "extraordinary situation" as that term has been defined.

*Everett,* at 84.

Relying on the reasoning in *Calero–Toledo, State v. Matheason* found an extraordinary situation under facts substantially similar to *Everett.* The forfeiture statute, however, did not provide notice or a hearing even *after* the seizure and it was again declared unconstitutional.

By contrast [to the Puerto Rican statute in *Calero–Toledo*], RCW 69.50.505(c) simply states: "In the event of seizure pursuant to subsection (b), proceedings under subsection (d) shall be instituted promptly." Subsection (d) states: "Property taken or detained under this section shall not be subject to replevin, but is deemed to be in the custody of the board or seizing law enforcement agency subject only to the orders and decrees of the superior court having jurisdiction over the forfeiture proceedings." There is no provision in RCW 69.50.505(b)(4) for notice and a hearing even after seizure. While *Calero* holds that in an extraordinary situation such as this, notice and a hearing may be postponed until after seizure, it does not allow for abolishment of notice and a hearing.

(Footnote omitted.) *Matheason,* at 134. Under similar facts and for the same reasons, *State v. One 1972 Mercury Capri* declared the statute unconstitutional a third time.

The present version of the Washington forfeiture statute is constitutional on its face. It requires notice to the owner within 15 days of the seizure and provides an opportunity

to be heard.[2] Seizure of a vehicle used to carry marijuana, under *Calero–Toledo,* is an "extraordinary situation" justifying the lack of notice or a hearing before the property is seized.

## II
### THE FORFEITURE STATUTE WAS APPLIED
### CONSTITUTIONALLY

■ Here, there has been a criminal trial and a conviction of the vehicle's owner. The trial provided a preseizure notice and opportunity to be heard. We limit our holding to those circumstances. Crape argues that the forfeiture statute was applied unconstitutionally because over 2 months passed between the discovery of probable cause on January 30, 1979, when he was arrested, and the seizure of his car on April 7. The sheriff seized Crape's car only after the jury found beyond a reasonable doubt that Crape had violated the controlled substances act. The sheriff could have seized the car when Crape was arrested on January 30. He was not required to wait until Crape had been convicted. *See* RCW 69.50.505(b)(4). The seizure in this case was reasonable because only 17 days elapsed between the conviction on March 21, 1979 and the seizure on April 7. That is not to say, however, that a seizure based on the probable cause standard of RCW 69.50.505(b)(4) always will be reasonable when it follows the owner's conviction under the controlled substances act. Probable cause cannot continue indefinitely. Given the short time between Crape's conviction and the seizure in this case, Crape was not denied due process.

---

[2]The possibility of the seizure of goods and forfeiture by the State when goods or articles are involved in illegal activity exists in numerous other circumstances. *See State v. Nelson,* 33 Wn.2d 816, 207 P.2d 667 (1949) (unregistered foodstuffs); *State v. Mavrikas,* 148 Wash. 651, 269 P. 805 (1928) (boat used in illegal fishing). *See also* Annot., *Forfeiture of Auto Used in Narcotics Crime,* 50 A.L.R.3d 172 (1973); Annot., *Forfeiture of Property for Unlawful Use Before Trial of Individual Offender,* 3 A.L.R.2d 738 (1949).

## III
### No Genuine Issues of Material Fact

Crape contends that genuine issues of material fact rendered summary judgment inappropriate. He argued below that the forfeiture statute was not uniformly applied and that the decision to seize his car was arbitrary and capricious. After reviewing the record, we agree with the trial court that the pleadings and depositions on file do not raise any material issues of fact requiring trial on either question.

The judgment is affirmed.

RINGOLD, J., concurs.

WILLIAMS, J. (concurring)—I agree that because there is no genuine issue of fact, and the statute, meticulously followed in the proceeding, gives full and fair notice and hearing, the judgment should be affirmed.

Reconsideration denied September 24, 1982.

Review denied by Supreme Court December 3, 1982.