[No. 42624.  En Banc.  November 8, 1973.]

THE CITY OF EVERETT, *Appellant*, v. MICHAEL SLADE, *Respondent*.

*Alan J. Hendricks, City Attorney*, and *Bruce E. Jones*, for appellant.

*Richard D. Emery*, for respondent.

STAFFORD, J.—On May 20, 1972, city police arrested respondent, Michael Slade, and charged him with the sale of a controlled substance. At the same time the police seized respondent's automobile.[1]

After being released on bond, respondent went to the police station to inquire about the release of his car and was informed that it would not be returned because it now belonged to the city. The City of Everett never did release the vehicle, and on July 12, 1972, nearly two months after the original seizure, it instituted proceedings to forfeit respondent's interest in the car pursuant to RCW 69.50.505.[2]

---

[1]Slade later formally pled guilty and was sentenced on August 24, 1972, well after the incident related here.

[2]RCW 69.50.505 provides in part:

"(a) The following are subject to forfeiture:

". . .

"(4) all conveyances, including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in paragraph (1) [controlled substances] . . .

". . .

"(b) *Property subject to forfeiture* under this chapter may be seized by any board inspector or law enforcement officer of this state upon process issued by any superior court having jurisdiction over the property. *Seizure without process may be made if:*

"(1) the seizure is incident to an arrest or a search under a search warrant or an inspection under an administrative inspection warrant;

"(2) the property subject to seizure has been the subject of a prior judgment in favor of the state in a criminal injunction or forfeiture proceeding based upon this chapter;

"(3) a board inspector or law enforcement officer has probable cause to believe that the property is directly or indirectly dangerous to health or safety; or

"(4) the board inspector or law enforcement officer has probable cause to believe that the property was used or is intended to be used in violation of this chapter.

"(c) *In the event of seizure pursuant to subsection (b),* proceedings under subsection (d) shall be instituted *promptly.*

"(d) *Property taken or detained under this section shall not be subject to replevin,* but is deemed to be in the custody of the board or seizing law enforcement agency subject only to the orders and decrees of the superior court having jurisdiction over the forfeiture proceedings. When property is seized under this chapter, the board or seizing law enforcement agency may:

"(1) place the property under seal;

The trial court held RCW 69.50.505 to be unconstitutional on its face, dismissed the forfeiture action, and ordered the city to release respondent's car. The city has appealed. We affirm only the result of the trial court's dismissal.

Initially, it should be noted that a "seizure" for the purpose of forfeiture and an actual "forfeiture" involve two different concepts. The first entails a taking and holding of property, whereas the second effects an actual dissolution of the owner's rights in the property. Accordingly, RCW 69.50.505(a) designates property that may be "*subject* to forfeiture", whereas RCW 69.50.505(b) authorizes a "*seizure*" of property "subject to forfeiture" prior to an actual forfeiture thereof. (Italics ours.)

RCW 69.50.505(b) provides that seizure may be accomplished either with or *without process*. Inasmuch as respondent's car was seized *without process*, we are concerned only with the latter procedure. Section (b) expressly limits *seizure without process* to four instances. Subsection (b)(1) is inapplicable because there is nothing to establish that the vehicle was seized as an incident to an arrest or was subject to a search or inspection by warrant. Further, there is nothing to indicate whether a controlled substance was found in or near the car or, for that matter, whether respondent himself was in or near the automobile at the time of arrest. Likewise, there is no evidence that the seizure was based upon subsections (b)(2) or (3). On the other hand, the arresting officer's affidavit states: "it is the belief of affiant that the events related to the arrest and plea of guilty involved the use of a vehicle." Thereafter, respondent's car is described. This indicates that the city's seizure of respondent's automobile, without process, was based upon subsection (b)(4).

■ Review of subsection (b)(4) reveals clear legislative authorization to seize such property without prior no-

---

"(2) remove the property to a place designated by it; or

"(3) request the appropriate sheriff or director of public safety to take custody of the property and remove it to an appropriate location for disposition in accordance with law." (Italics ours.)

tice and without provision for an opportunity to be heard or to contest the seizure. In fact, RCW 69.50.505(d) specifically denies an owner an opportunity to recover his property by replevin.

The city contends the "seizure" procedure provided by RCW 69.50.505(b)(4) does not violate respondent's due process rights. It is said that the questioned provision falls within the "extraordinary situations" exception recognized in various federal due process cases. We do not agree.

Unlimited power of "seizure" is not authorized by the suggested exception. Even there, due process requires that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest except, as stated by *Boddie v. Connecticut*, 401 U.S. 371, 379, 28 L. Ed. 2d 113, 91 S. Ct. 780 (1971), "for extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event." Further, the "opportunity" for a hearing must be granted "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552, 14 L. Ed. 2d 62, 85 S. Ct. 1187 (1965). The hearing must be "appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 94 L. Ed. 865, 70 S. Ct. 652 (1950).

Recognizing that "extraordinary situations" may justify the postponement of notice and hearing, the United States Supreme Court recently stated that such situations must be "truly unusual" and that ordinary costs in time, effort, and expense incurred by providing a hearing cannot outweigh the constitutional right. *Fuentes v. Shevin*, 407 U.S. 67, 90, 32 L. Ed. 2d 556, 92 S. Ct. 1983 (1972). Regarding such situations, the court had this to say:

> Only in a few limited situations has this Court allowed outright seizure without opportunity for a prior hearing. First, in each case, the seizure has been directly necessary to secure an important governmental or general public interest. Second, there has been a special need for very prompt action. Third, the state has kept strict con-

trol over its monopoly of legitimate force: the person initiating the seizure has been a government official responsible for determining, under the standards of a narrowly drawn statute, that it was necessary and justified in the particular instance.

(Footnote omitted.)

In the instant case, the record does not disclose that the seizure of respondent's car for the purpose of forfeiture involved an "extraordinary situation." There is no showing that the seizure was directly necessary to secure an important government or general public interest and that there was a need for very prompt action. In fact, none of the criteria set forth in *Boddie* and *Fuentes* have been met. Further, RCW 69.50.505 (b) (4) is not "narrowly drawn," as required by *Fuentes,* and it makes no provision for an "extraordinary situation" as that term has been defined.

The city also suggests two additional reasons why respondent's right to due process was not violated by the summary seizure: first, judicial review is provided in the subsequent *forfeiture* action; and, second, the deprivation is only temporary due to the requirement of RCW 69.50.505 (c) that the action shall be "instituted promptly." The contentions are not well taken. As the United States Supreme Court stated in *Fuentes v. Shevin, supra* at 81:

> If the right to notice and a hearing is to serve its full purpose, then, it is clear that it must be granted *at a time when the deprivation can still be prevented.*

The same court also stated at pages 84-85:

> [I]t is now well settled that a *temporary, nonfinal deprivation* of property *is nonetheless a "deprivation"* in the terms of the Fourteenth Amendment.

(Italics in both quotations ours.)

■ While RCW 69.50.505 (c) requires that "proceedings under subsection (d) shall be instituted *promptly*" (italics ours), when property is seized pursuant to subsection (b), subsection (d) does not require any particular type of proceedings to accomplish the actual "forfeiture." Furthermore, subsection (d) fails to cure the lack of notice or

hearing prior to the "seizure" authorized by RCW 69.50.505 (b) (4).

RCW 69.50.505 (b) (4) is unconstitutional on its face. It fails to provide for any notice or opportunity for a hearing prior to actual seizure of the property. Furthermore, that subsection (b) (4) is not "narrowly drawn" is clear from the fact that there is not an "extraordinary situation" which would allow postponement of the notice and hearing merely because "the board inspector or law enforcement officer has probable cause to believe that the property was used or is intended to be used in violation of this chapter."

Respondent has raised other contentions regarding the constitutionality of RCW 69.50.505. Having affirmed the result reached by the trial court, it is not necessary for us to decide the other issues at this time. We do agree with respondent's contention, however, that even if RCW 69.50.505 (b) (4) had been found constitutional, the city failed to comply with subsection (c) requiring prompt action under the facts of this case. A delay of almost two full months does not constitute prompt action under the circumstances of this case.

The result of the trial court is affirmed.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.