[No. 43480. En Banc. July 10, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. ONE 1972 MERCURY CAPRI, *Appellant*.

*George W. Dixon*, for appellant.

*Don Herron, Prosecuting Attorney*, and *Joseph D. Mladinov, Special Counsel*, for respondent.

HOROWITZ, J.—Defendant Timothy Volk appeals a trial court decree forfeiting his motor vehicle pursuant to RCW 69.50.505 of the controlled substances act.

On January 27, 1973, Volk was arrested in Tacoma, Washington, for delivering a pound of marijuana to two agents of the Washington State Patrol Drug Unit. At the same time, Volk's 1972 Mercury Capri used by Volk in

transporting the marijuana when making the marijuana delivery, was seized by a Tacoma police officer. The car was then transported to the Tacoma Police Department garage.

Forty-eight days later, on March 16, 1973, the Pierce County Prosecutor filed with the Pierce County Superior Court Clerk a complaint to forfeit the 1972 Mercury Capri. On the same day the Pierce County Superior Court issued a bench warrant for the arrest of the vehicle. The forfeiture proceeding, calendared for April 6, 1973, was heard as scheduled. On April 13, 1973, the court ordered the automobile forfeited to the Tacoma Police Department. Volk appeals.

Volk contends RCW 69.50.505,[1] relied on by the State to uphold the seizure of his automobile denies him due process of law because the statute permits seizure of one's property without notice and opportunity to be heard either before or after the seizure. U.S. Const. amend. 14; Const. art. 1, § 3; *Everett v. Slade*, 83 Wn.2d 80, 515 P.2d 1295

---

[1]RCW 69.50.505 provides in part:

"(a) The following are subject to forfeiture:

". . .

"(4) all conveyances, including . . . vehicles . . . which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in paragraph (1) [controlled substances] . . .

". . .

"(b) Property subject to forfeiture under this chapter may be seized by any . . . law enforcement officer of this state upon process issued by any superior court having jurisdiction over the property. Seizure without process may be made if:

"(1) the seizure is incident to an arrest . . .

". . .

"(4) the . . . law enforcement officer has probable cause to believe that the property was used or is intended to be used in violation of this chapter.

"(c) In the event of seizure pursuant to subsection (b), proceedings under subsection (d) shall be instituted promptly.

"(d) Property taken or detained under this section shall not be subject to replevin, but is deemed to be in the custody of the board or seizing law enforcement agency subject only to the orders and decrees of the superior court having jurisdiction over the forfeiture proceedings."

(1973); *State v. Matheason*, 84 Wn.2d 130, 524 P.2d 388 (1974). We agree.

*Slade* and *Matheason* apply to RCW 69.50.505 principles used to invalidate garnishment and replevin statutes. *Sniadach v. Family Fin. Corp.*, 395 U.S. 337, 23 L. Ed. 2d 349, 89 S. Ct. 1820 (1969); *Fuentes v. Shevin*, 407 U.S. 67, 32 L. Ed. 2d 556, 92 S. Ct. 1983 (1972). These cases have been recently followed in *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 42 L. Ed. 2d 751, 95 S. Ct. 719 (1975), and *Olympic Forest Prods., Inc. v. Chaussee Corp.*, 82 Wn.2d 418, 511 P.2d 1002 (1973). Prior decisions from the Court of Appeals have applied the *Sniadach* and *Fuentes* rationale. *Rogoski v. Hammond*, 9 Wn. App. 500, 513 P.2d 285 (1973); *Seattle Credit Bureau v. Hibbitt*, 7 Wn. App. 219, 499 P.2d 92 (1972); *Lucas v. Stapp*, 6 Wn. App. 971, 497 P.2d 250 (1972). The rationale of *North Georgia Finishing, Inc.*, also supports *Matheason* in distinguishing *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 40 L. Ed. 2d 452, 94 S. Ct. 2080 (1974). In *Matheason*, at pages 133-34, this court stated:

> A comparison of our statute with the Puerto Rican statutes upheld in *Calero* compels a finding that subsection (b) (4) still cannot be allowed to stand. Seizure of appellant's property in *Calero* was accomplished pursuant to Puerto Rico Laws Ann., Title 34, § 1722. As required by that statute, the lessee of the yacht was given notice within 10 days of the seizure. When a challenge to the seizure was not made within 15 days after service of the notice, the yacht was forfeited pursuant to § 1722(c). By contrast, RCW 69.50.505(c) simply states: "In the event of seizure pursuant to subsection (b), proceedings under subsection (d) shall be instituted promptly." Subsection (d) states: "Property taken or detained under this section shall not be subject to replevin, but is deemed to be in the custody of the board or seizing law enforcement agency subject only to the orders and decrees of the superior court having jurisdiction over the forfeiture proceedings." There is no provision in RCW 69.50.505(b) (4) for notice and a hearing even after seizure. While *Calero* holds that in an extraordinary situation such as this, notice and a hearing may be postponed

until after seizure, it does not allow for abolishment of notice and a hearing.

(Footnote omitted.)

The State contends *Slade* and *Matheason* are distinguishable. It argues the seizure of the automobile for purposes of forfeiture in these cases was based upon RCW 69.50.505(b)(4). The seizure in the instant case for purposes of forfeiture, it claims is based upon RCW 69.50.505(b)(1), permitting seizure without process because "incident to an arrest." However, the evidence fails to establish Volk's automobile was actually seized "incident to an arrest" as that phrase is interpreted in *Chimel v. California*, 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034 (1969). Volk was neither in nor near the automobile at the time of arrest. On the other hand, the forfeiture decree, in conformity with the complaint, recites: "said vehicle was used within the purview of RCW 69.50.505 for the transportation of a controlled substance, and is therefore subject to seizure . . ." This indicates the seizure and subsequent forfeiture of Volk's automobile was based upon RCW 69.50.505(b)(4). *See Everett v. Slade, supra* at 82. In any case, the same infirmity exists with reference to RCW 69.50.505(b)(1) as exists with reference to RCW 69.50.505(b)(4), namely, RCW 69.50.505 makes no provision for notice and hearing concerning the validity of the seizure for purposes of forfeiture either before or after seizure. *See Everett v. Slade, supra* at 84-85; *State v. Matheason, supra* at 133-34.

The seizure being void for the reason stated, it is unnecessary to determine whether the forfeiture decree is also void because the forfeiture proceedings were not "promptly" commenced as required by RCW 69.50.505(c).

Reversed.

STAFFORD, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.

Petition for rehearing denied September 26, 1975.