[No. 2018–44069–3.    Division Three.    July 27, 1977.]

DALE W. REILLY, *Appellant,* v. THE STATE OF
WASHINGTON, ET AL, *Respondents.*

246

■■■■■■■■■■■■■■

■■■■■■■■■■■■■■

*Jerry T. Dyreson, Iro Richard Lassman*, and *Fred McLeroy of Spokane County Legal Services*, for appellant.

*Slade Gorton, Attorney General*, and *Kevin M. Ryan, Assistant*, for respondents.

McInturff, J.—This appeal challenges RCW 9.54.030(2)[1] and (3)[2] as violative of procedural due process of law upon its face and as applied to present facts. The two statutes have since been repealed and amended, Laws of 1975, 2d Ex. Sess., ch. 91, p. 307.

---

[1] RCW 9.54.030(2) states:

Any motor vehicle, motorcycle, motor–driven cycle, trailer, vessel, motor-boat, or any component part thereof, from which the manufacturer's serial number or any other distinguishing number or identification mark has been removed, defaced, covered, altered, or destroyed, there being probable cause to believe that such was done for the purpose of concealing or misrepresenting identity, shall be impounded and held by the seizing law enforcement agency until the original numbers or marks are restored, or it is determined that the motor vehicle, motorcycle, motor–driven cycle, trailer, vessel, motorboat, or component part thereof, was reported as stolen and it is returned to the rightful owner as provided in this subsection. If reported as stolen the seizing law enforcement agency shall promptly return such motor vehicle, motorcycle, motor–driven cycle, trailer, vessel, motorboat, or parts thereof as have been stolen to the person who was the lawful owner or the lawful successor in interest, upon receiving proof that such person presently owns or has a lawful right to the return and possession of such motor vehicle, motorcycle, motor–driven cycle, trailer, vessel, motorboat, or component part thereof.

[2] RCW 9.54.030(3) states:

If the original manufacturer's serial numbers or other distinguishing numbers or identification marks cannot be restored, and if the article was not reported stolen or was reported stolen and the seizing law enforcement agency cannot locate the person who was the lawful owner at the time it was reported stolen or his lawful successor in interest, or if such lawful owner or his lawful successor in interest fails to claim the article within forty–five days after receiving notice from the seizing law enforcement agency that the article is in its possession, the motor vehicle, motorcycle, motor–driven cycle, trailer, vessel, motorboat, or component part thereof may be destroyed or may be sold at public auction to the highest bidder or may be held by the seizing law enforcement agency for its official use and purposes: *Provided*, That no such disposition shall be undertaken until at least sixty days have elapsed from the date of seizure: *Provided further*, That written notice of the seizure and

In 1974, Dale W. Reilly purchased a disassembled Triumph Model 650 motorcycle from Daniel Bloom of Spokane for $50. Mr. Bloom had previously purchased the same disassembled motorcycle from Cecil Cooper of Coeur d'Alene, Idaho. With an additional investment of $450, Mr. Reilly completed the reassembly and repair of the now customized motorcycle. The finished product is valued between $500 and $800.

On April 9, 1975, Mr. Reilly presented the motorcycle for vehicle inspection and registration to the Washington Department of Motor Vehicles Inspection Center in Spokane. The inspection was conducted by Washington State Patrolman David York, a trooper trained and experienced in vehicle identification techniques. Trooper York's inspection established the motorcycle frame identification number had been concealed when triangular steel plates were welded to the frame. The frame identification number had not been concealed by Mr. Reilly. Further inspection revealed a clearly visible engine identification number, T110 03218.

Based upon the concealed frame number and his experience in vehicle identification, it is conceded by the parties that Trooper York did have probable cause to impound the

potential disposition shall have first been served upon the person who held possession or custody of the article when it was impounded and upon any other person who prior to final disposition of the article notifies the seizing law enforcement agency in writing of a claim to ownership or lawful right to possession thereof, and a reasonable opportunity to be heard as to the claim of ownership or right of possession shall have first been afforded to such person or persons. Such hearing shall be before the chief law enforcement officer of the seizing agency or his designee, except that any person claiming ownership or right of possession hereunder may remove the matter to a court of competent jurisdiction if the aggregate value of the article or articles involved is one hundred dollars or more. A hearing before the agency and any appeal therefrom shall be pursuant to chapter 34.04 RCW. In a court hearing between two or more claimants to the article or articles involved, the prevailing party shall be entitled to judgment for costs and reasonable attorney's fees. The burden of producing evidence shall be upon the person claiming to be the lawful owner or to have the lawful right to possession. The seizing law enforcement agency shall promptly return the article or articles to the claimant upon determination by the hearing officer or court that he is the present lawful owner or is lawfully entitled to possession thereof.

motorcycle for further investigation of possible theft pursuant to RCW 9.54.030(2). Presumably the frame number could have been concealed for purposes of misrepresenting the identity of a stolen vehicle. By cutting away portions of the triangular plates and further chemical processing, a partial frame number was uncovered, . . . 9054. This partial frame number proved insufficient for identification purposes. A computer check on the engine number identified the engine as a 1957 Triumph last registered in 1969 to Clyde Stevens of Port Angeles, Washington. Further investigation proved fruitless.

Three weeks after impoundment, Mr. Reilly presented to Trooper York a notarized statement from the previous owner attesting to the sale, together with parts receipts. Trooper York refused to release the motorcycle and issue a certificate of title without Mr. Reilly's posting of a $750 security bond for 3 years. It is conceded that Trooper York was without authority to demand a bond.[3]

On July 16, 1975, Mr. Reilly commenced this action in Spokane County Superior Court for injunctive relief, declaratory relief and damages. His motion for partial summary judgment declaring RCW 9.54.030(2) and (3) unconstitutional was denied on September 30, 1975. By stipulation among the parties and by order of the court, a further limited hearing was conducted to determine Mr. Reilly's right to possession of the motorcycle. Judgment was entered on December 12, 1975, again finding RCW 9.54.030(2) and (3) constitutional on its face and as applied to present facts, and ordering the return of the motorcycle with new identification numbers attached. The judgment further dismissed all claim for damages with prejudice. The State has fully complied with the judgment and order. This appeal followed.

■ Mr. Reilly first challenges RCW 9.54.030(2) and (3) as violative of procedural due process of law upon its face.

---

[3]*See* RCW 46.12.151.

In approaching this problem, we repeat the rule that a legislative act carries with it a strong presumption of constitutionality. The burden of proof is upon the challenger to demonstrate the constitutional infirmity beyond a reasonable doubt.[4] When a statute may be subjected to varying reasonable interpretations, the court will select that interpretation which will meet constitutional scrutiny.[5]

█ No person may be deprived of property without due process of law.[6] Procedural due process is not a fixed standard, but a relative concept changing in form case by case, providing that process of law which is due in each circumstance.[7] At a minimum, procedural due process must include notice reasonably calculated to apprise a party of the pendency of proceedings affecting him, and an opportunity to be heard at a reasonable time and in an effectual manner.[8] These due process protections not only attach to a permanent deprivation but also the present temporary, nonfinal deprivation of property.[9]

█ Due process must be accorded the individual before deprivation of any significant property interest, *except* "for

---

[4]*Haddenham v. State,* 87 Wn.2d 145, 150, 550 P.2d 9 (1976); *State ex rel. Department of Fin., Budget & Business v. Thurston County,* 199 Wash. 398, 404, 92 P.2d 234 (1939).

[5]*In re Marriage of Ways,* 85 Wn.2d 693, 703, 538 P.2d 1225 (1975); *State ex rel. Department of Fin., Budget & Business v. Thurston County,* 199 Wash. 398, 404, 92 P.2d 234 (1939).

[6]United States Constitution, amendment 14; Washington State Constitution, article 1, section 3.

[7]*Goss v. Lopez,* 419 U.S. 565, 578–80, 42 L. Ed. 2d 725, 95 S. Ct. 729 (1975); *Olympic Forest Prods., Inc. v. Chaussee Corp.,* 82 Wn.2d 418, 422–24, 511 P.2d 1002 (1973).

[8]*Goss v. Lopez,* 419 U.S. 565, 578–80, 42 L. Ed. 2d 725, 95 S. Ct. 729 (1975); *Fuentes v. Shevin,* 407 U.S. 67, 80, 32 L. Ed. 2d 556, 92 S. Ct. 1983 (1972); *Watson v. Washington Preferred Life Ins. Co.,* 81 Wn.2d 403, 408, 502 P.2d 1016 (1972).

[9]*Fuentes v. Shevin,* 407 U.S. 67, 84–85, 32 L. Ed. 2d 556, 92 S. Ct. 1983 (1972); *see Everett v. Slade,* 83 Wn.2d 80, 84, 515 P.2d 1295 (1973).

extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event".[10] The extraordinary situation exception will apply when, according to *Fuentes v. Shevin,* 407 U.S. 67, 91, 32 L. Ed. 2d 556, 92 S. Ct. 1983 (1972):

the [procedure] has been directly necessary to secure an important governmental or general public interest. Second, there has been a special need for very prompt action. Third, the State has kept strict control over its monopoly of legitimate force: the person initiating the seizure has been a government official responsible for determining, under the standards of a narrowly drawn statute, that it was necessary and justified in the particular instance.[11]

RCW 9.54.030(2) mandates impoundment of a vehicle when the State has probable cause to believe identification numbers have been concealed or misrepresented. Such action is mandated without prior notice or opportunity for hearing. The question arises, does the statute fall within the extraordinary situation exception allowing prehearing impoundment?

■■ Returning to the extraordinary situation exception analysis quoted above, we find RCW 9.54.030(2) does measure to that analysis. *First,* a statute authorizing impoundment of a probable stolen vehicle does serve an important public interest by facilitating return of property to its rightful owner and limiting the market for stolen vehicles and parts. *Second,* exigencies occasioned by vehicle mobility have long been recognized. "[T]he car is movable, the occupants are alerted, and the [car] may never be found again if a warrant must be obtained."[12] The State must

---

[10]*Boddie v. Connecticut,* 401 U.S. 371, 379, 28 L. Ed. 2d 113, 91 S. Ct. 780 (1971); *Everett v. Slade,* 83 Wn.2d 80, 83, 515 P.2d 1295 (1973).

[11]*See Olympic Forest Prods., Inc. v. Chaussee Corp.,* 82 Wn.2d 418, 432, 511 P.2d 1002 (1973).

[12]*Chambers v. Maroney,* 399 U.S. 42, 51, 26 L. Ed. 2d 419, 90 S. Ct. 1975 (1970).

immediately impound a vehicle with misrepresented identification or run the risk of having the vehicle concealed, disassembled, or transported beyond the jurisdiction. The person presenting the vehicle for inspection has been alerted by the State's refusal to issue a registration certificate.[13] *Third,* the statute requires impoundment by a state official, only in the narrow and limited situation of altered vehicle identification.

The extraordinary–situation exception is not an abolition of due process.[14] Hearing still must follow impoundment promptly, in a reasonable time.[15] RCW 9.54.030(3), under these facts, not only does not provide opportunity for hearing appropriate to the nature of the case, but in this instance does not provide for a hearing unless the State disposes of the property. This statute authorizes the State to temporarily deprive a person of property without prior notice or hearing, which we have said is constitutionally permissible under extraordinary circumstances, but it fails to insure that the deprived citizen will have notice and an opportunity to be heard where there has been no disposition of the property. The statute provides for a hearing *only* after the law enforcement agency has decided to dispose of the vehicle, and "[t]hat no such disposition shall be undertaken until at least sixty days have elapsed from the date of seizure". RCW 9.54.030(3). In these circumstances, the statute must be held unconstitutional on its face as violative of minimum due process.[16]

---

[13]*Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 678, 40 L. Ed. 2d 452, 94 S. Ct. 2080 (1974).

[14]*State v. Matheason,* 84 Wn.2d 130, 134, 524 P.2d 388 (1974).

[15]*See Lee v. Thornton,* 538 F.2d 27, 33 (2d Cir. 1976).

[16]Our Supreme Court, in *Olympic Forest Prods., Inc. v. Chaussee Corp.,* 82 Wn.2d 418, 422, 511 P.2d 1002 (1973), said:

For over a century it has been recognized that "Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that

Mr. Reilly assigns further error to dismissal of his claim for damages arising from the temporary deprivation. The stipulation of counsel, adopted by the court in its prehearing order, provided:

> It is hereby stipulated and agreed . . . that the *sole issue* to be submitted for the court's consideration at the hearing to be conducted on the day of October 5, 1975, is the *right of the plaintiff to possession of a Triumph motorcycle . . .*

(Italics ours.) The issue of possession was resolved in favor of Mr. Reilly. In addition, the court said in its judgment:

> It is hereby ordered, adjudged and decreed that RCW 9.54.030(2) and (3) are constitutional and that defendant had probable cause to seize plaintiff's vehicle and therefore *all claims for damages are hereby dismissed with prejudices.*

(Italics ours.)

■ A written stipulation signed by counsel for both parties is binding on the parties and the court.[17] From the above quotations, it is apparent the court went beyond the terms of the stipulation when it dismissed Mr. Reilly's claim for damages. Therefore, the dismissal of the claim must be reversed.

---

right they must first be notified." *Baldwin v. Hale,* 68 U.S. (1 Wall.) 223, 233 (1864). The fundamental requisites of due process are "the opportunity to be heard," *Grannis v. Ordean,* 234 U.S. 385, 394, 58 L. Ed. 1363, 34 S. Ct. 779 (1914), and "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950). Thus, "at a minimum" the due process clause of the Fourteenth Amendment demands that a deprivation of life, liberty or property be preceded by "notice and opportunity for hearing appropriate to the nature of the case." *Mullane* at 313. *Moreover, this opportunity "must be granted at a meaningful time and in a meaningful manner."* Armstrong v. Manzo, 380 U.S. 545, 552, 14 L. Ed. 2d 62, 85 S. Ct. 1187 (1965).
(Italics ours.)

[17]*Riordan v. Commercial Travelers Mut. Ins. Co.,* 11 Wn. App. 707, 715, 525 P.2d 804 (1974); CR 2A; *Cook v. Vennigerholz,* 44 Wn.2d 612, 615, 269 P.2d 824 (1954).

■ In his final assignment of error, Mr. Reilly contends he is entitled to attorney fees under RCW 9.54.030(3), which provides in pertinent part:

> In a court hearing between two or more claimants to the article or articles involved, the prevailing party shall be entitled to judgment for costs and reasonable attorney fees.

We disagree with this contention.

The court found that "no other person has claimed an interest in the vehicle or any of its component parts." This unchallenged finding is substantially supported by the record. The Washington State Patrol, which functioned only as a stakeholder after impoundment, has since released the motorcycle and issued Mr. Reilly a registration certificate. It does not appeal the court's award of possession. Thus, there was no court action between competing vehicle claimants, a prerequisite for the statutory award of attorney fees. Even without our holding as to the unconstitutionality of the statute, there was no authority for the award of attorney fees.

Judgment of the Superior Court finding RCW 9.54.030(3) constitutional upon its face is reversed. The claim for damages arising from deprivation is accordingly reversed and remanded to Superior Court for trial. Judgment of the Superior Court denying Mr. Reilly award of attorney fees is affirmed.

MUNSON, C.J., and GREEN, J., concur.