## Commonwealth v. One 1976 Ford Truck Van (No. 2)

*William H. Platt, District Attorney*, for Commonwealth.
*Alan Ellis*, for respondent.

DAVISON, *J.*, October 3, 1978—At the Commonwealth's request we have agreed to reconsider our May 23, 1978, determination that the absence of due process requirements prior to forfeiture render the forfeiture provisions of the Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233, sec. 28, 35 P.S. §780-128 (the 1972

Act), invalid. Further briefs have been filed and supplementary oral argument has been presented.

Briefly, the factual background is that the Commonwealth petitioned for the seizure and forfeiture of the 1976 Ford truck van alleged to have been involved in the transportation for sale of a controlled substance. Respondent pled guilty to two counts of delivery of a controlled substance and later, in this proceeding, asserted the forfeiture provisions of the 1972 Act to be facially unconstitutional. We dismissed the Commonwealth's petition.

The district attorney contends that certain statutory provisions discovered since our May decision save the 1972 Act by mandating adequate notice and an opportunity for the aggrieved party to be heard prior to forfeiture, and, in the alternative, that we should look to the procedural rules for the necessary due process requirements and if such rules are deficient, that the court may itself legislate due process to save the statute. Having dealt at length with the constitutionality of the 1972 Act in our decision of May 23, in the interests of expedition, we will incorporate that opinion herein and focus our attention on the new arguments advanced by the Commonwealth.

It appears that subsequent to our opinion of May 23, the pocket part edition of Title 35 of Purdon's Statutes was released. By a process of reindexing the West Publishing Company "grafted" to the 1972 Act certain provisions of the Act of July 3, 1941, P.L. 263 (the act of 1941), which were formerly contained in The Vehicle Code volumes which were superseded by the new Vehicle Code, 75 P.S. §§2051-2055 [now 35 P.S. §831.1 et seq.]. Ostensibly, since the new Vehicle Code, Act of June 17, 1976, P.L. 162, did not repeal the Act of 1941, it is

argued that the latter provisions retained their vitality; however, to so conclude ignores the effect of the 1972 Act on preexisting forfeiture law.

The 1972 Act explicitly purports to establish a uniform system of law covering all aspects of controlled substances and drugs, *see* 35 P.S. §780-141. Moreover, it specifically repeals "[a]ll other acts, or parts of acts, inconsistent with this act . . . " 35 P.S. §780-143(b). In Com. v. One 1967 Pontiac, 61 D. & C. 2d 735, 21 Chester 39 (1972), the court was called upon to decide whether the Act of 1941 remained in effect after the passage of the Act of 1972. In resolving that question in the negative, Judge Shelley, specially presiding, held:

"The Act of September 26, 1961, P.L. 1664, 35 PS §780-1, entitled The Drug, Device and Cosmetic Act, which was repealed specifically by the Act of June 14, 1972, sec. 43, supra, contained no provision for the forfeiture and condemnation of vehicles used in the transportation of narcotics and illegal drugs. The Act of July 3, 1941, supra, was of necessity used for that purpose. When the Act of 1972, supra, was enacted, section 28 of the act was included for the purpose of making forfeiture and condemnation uniform through Pennsylvania thereby eliminating the necessity for the Act of 1941, supra. We conclude it was the intention of the legislature in enacting the Act of 1972, supra, to set up a general or exclusive system covering the entire subject of narcotics and illegal drugs.

"Article VII, subsection 91 of the Statutory Construction Act of May 28, 1937, 46 PS §591, provides in part that: 'Whenever a law purports to . . . [set] up a general or exclusive system covering the entire subject matter of a former law . . . such law shall be

construed to repeal all former laws upon the same subject.'

"Considering what has been said above we hold that the repealing clause of the Act of 1972, supra, repeals the Act of 1941, supra, by implication . . . "

We concur with the view that the 1972 Act was intended as an *exclusive* scheme for regulating trafficking in drugs. Moreover, since the 1941 Act contradicts the 1972 Act in several material instances, we hold that the latter was meant to replace the former and that the 1941 Act, being inconsistent with the 1972 Act, was implicitly repealed thereby: 35 P.S. §780-143(b).

While the district attorney argues that when a statute which impliedly repeals a prior statute is itself struck down for being constitutionally deficient, the former statute is deemed to be revived and in effect: see Mazurek v. Farmers' Mutual Fire Ins. Co. of Jamestown, 320 Pa. 33, 181 Atl. 570 (1935), such an argument is of no benefit to the Commonwealth here since a revived 1941 Act would suffer essentially the same infirmities as does the 1972 Act. The 1941 Act is facially unconstitutional in that section 5(3), 35 P.S. §831.5(3), provides only notice by publication for owners of seized property living outside the jurisdiction whose addresses are known, contrary to the dictates of Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), and Fell v. Armour, 355 F. Supp. 1319, 1328 (M.D. Tenn. 1972). Also, the act falls below constitutional standards in that it does not require the seizing authority to initiate forfeiture proceedings or to provide notice of seizure within any specific, rea-

sonable time: State v. Matheason, 84 Wash. 2d 130, 524 P. 2d 388 (1974).

Further, we are constrained to note that this proceeding was grounded, not under the 1941 Act, but specifically upon the 1972 Act. The petition for seizure and forfeiture alleges that it is " . . . under the authority of the Controlled Substance, Drug, Device and Cosmetic Act, P.L. 64 [233] 1972 . . . " We next turn our attention to the district attorney's argument that the 1972 Act can be held constitutional either through reference to the rules of procedure or by this court's decree.

In support of the proposition that the 1972 Act's due process deficiencies can be remedied by resort to and application of procedural rules, the district attorney relies on Sensenbrenner v. Crosby, 37 Ohio St. 2d 43, 306 N.E. 2d 413 (1974), in which the Ohio Supreme Court incorporated that jurisdiction's procedural rules into the forfeiture law, observing that the rules specifically applied to all civil procedures. In Pennsylvania, however, no such analogous provision can be found in either the civil or criminal rules. Also, Sensenbrenner observed that its ruling was inconsistent with others and rested its holding squarely on the declaration of the procedural rules that the court applied to all civil cases.

Cases from other jurisdictions relied upon by the Commonwealth suffer equally, since, in each case, the court observed that it had the constitutional power to provide for the requirements of due process even though the legislature had not done so in enacting the forfeiture law. See State v. Garcia, 114 N.J. Super. 444, 276 A. 2d 880 (1971); State v. Amer.-Hawaiian S.S. Co., 29 N.J. Super. 116, 101

A. 2d 598 (1953). However, while Art. 5, §10 of our Constitution grants plenary rule making authority to the Supreme Court, such power has not been employed to provide for due process under the 1972 Act. Indeed, and in any event, this court lacks the power to promulgate such rules.

The Commonwealth cites Nelson v. Garland et al. 123 Pa. Superior Ct. 257, 265, 187 Atl. 316, 319 (1936), for the proposition that where a law provides for a hearing before a court, it implies that the parties to be affected have notice and an opportunity to be heard. The particular difficulty in applying Nelson to the case at bar is that the forfeiture law fails to mandate a judicial proceeding prior to the forfeiture. In fact, the only language which even seems to envision court involvement is contained in 35 P.S. §780-128(d), which provides in pertinent part: "(d) Property taken or detained under this section shall not be subject to replevin, but is deemed to be in the custody of the law enforcement authority subject only to the orders and decrees of the court of common pleas having jurisdiction over the forfeiture proceedings and of the secretary . . ."

Nor is a revived 1941 Act saved from its constitutional deficiencies by Nelson, supra. Taken as a whole, the Nelson decision holds only that the due process requirements of notice and opportunity to be heard are required before an effective judgment can be rendered against a party. It does not stand for the proposition that every statute which makes mention of a hearing is cured of all due process defects by an implied insertion of constitutionally required procedures.

It is apparent that the forfeiture provisions contain no mandatory procedure to be followed to

achieve the forfeiture of a conveyance allegedly used to transport drugs illegally. Nowhere does the 1972 Act provide for the institution of proceedings, notice, hearing, or the other attributes of procedural due process. We remain convinced and the overwhelming weight of persuasive authority supports our May 23 determination that the statute authorizing the forfeiture must, if it is to pass constitutional muster, provide for due process either within its text or by reference to other mandatory provisions. In State v. Matheason, supra, the Washington Supreme Court held that the same provisions as those contained in our statute were unconstitutional for failing to contain provisions for notice and hearing after the seizure took place. In People v. Campbell, 39 Mich. App. 433, 198 N.W. 2d 7, 11 (1972), the Michigan Court of Appeals held that due process must be required by the statute authorizing the forfeiture or by some other mandatory rule at the very least, observing: "The constitutionality of the act must rest upon the provisions of the act itself." This view is in the clear majority with tribunals that have scrutinized conveyance forfeiture provisions similar to if not identical to those before us. See State v. Miller et al., 248 N.W. 2d 377 (S. Dakota Supreme Ct. 1976); State v. One 1972 Mercury Capri, 85 Wash. 2d 620, 537 P. 2d 763 (1975).

In a case not concerned with forfeiture, Fuentes v. Shevin, 407 U.S. 67, 80, 92 S.Ct. 1983, 1994 (1972), the United States Supreme Court framed the issue facing it in the following language: "The primary question in the present cases is whether *these state statutes* are constitutionally defective in failing to provide for hearings 'at a meaningful

122

time'." (Emphasis supplied.) Fuentes found various statutes unconstitutional for failing to require a hearing prior to seizure of secured goods.

It is clear, therefore, as we observed in our May 23 decision, "Neither the fact that these forfeiture provisions may well be desirable, designed as they may be for the purpose of crippling illegal trafficking in drugs, nor the fact that forfeiture procedures have been adopted and followed by the District Attorney of Lehigh County and various district attorneys' offices which comport with due process save the statute, . . . ": 6 D. & C. 3d 511, 518 (1978).

ORDER

Now, October 3, 1978, upon consideration of the Commonwealth's petition for reconsideration of the order of May 23, 1978 and accompanying opinion, and after due consideration of the briefs and arguments of counsel, it is hereby ordered that the Commonwealth's petition for seizure and forfeiture be denied and that the order entered on May 23, 1978 be and the same is hereby affirmed.