[No. 45023.   En Banc.   November 2, 1978.]

THE STATE OF WASHINGTON, *on the Relation of Robert E. Schillberg, Respondent,* v. EVERETT DISTRICT JUSTICE COURT, ARNOLD E. ZEMPLE, JUDGE, *Appellant.*

*Keith L. Kessler* (of *Kessler, Urmston & Sever*), for appellant.

*Robert E. Schillberg, Prosecuting Attorney,* and *David G. Metcalf* and *Carl K. Chen, Deputies,* for respondent.

ROSELLINI, J.—We are asked to determine the constitutionality of JCrR 2.10(e) providing for the return of property unlawfully seized.

David R. Allen was arrested in Lynnwood for possession of stolen property. In the back seat of his automobile were a number of items of merchandise, some of which matched the description of items taken that day from a store in Everett. The merchandise was seized. Allen was booked and jailed, and on the following day he was arraigned. An order was issued by the district court, which required his release on the following day if a complaint were not filed, and for the exoneration of his bail if no complaint had been filed at the end of 2 weeks. The release order appears to have been made pursuant to JCrR 2.03.

No complaint was filed, and 1· week after the date for exoneration of bail, Allen filed a motion for an order directing the release of the property which had been seized when he was arrested. The motion was accompanied by an affidavit of Allen's attorney, stating that his client had

advised him that the items taken were legitimately in his possession, that he legitimately paid for such items and that he demanded their return. A copy of the motion was served on the Prosecuting Attorney for Snohomish County. Before the final hearing on the motion, copies were also served on the Cities of Lynnwood and Everett. That hearing was attended by attorneys for these three parties.

By affidavit, one of the arresting officers stated that a man who had been observed taking merchandise from the Everett store without paying for it was seen to enter a vehicle bearing the description and license number of Allen's car. The vehicle was seen later that day in a parking lot in Lynnwood. Boxes stacked in the back seat bore tags of the store from which merchandise had been taken.

The Everett city attorney stated in an affidavit that the official police reports had been forwarded to the Snohomish County prosecutor for possible prosecution, and that if he elected not to prosecute, the City of Everett would review the possibility of charging Allen with shoplifting or larceny and, in that event, would be using some of the merchandise as evidence.

Notwithstanding the substantial showing that the merchandise, or a part of it at least, had been stolen, notwithstanding the absence of any affidavit by Allen stating the facts upon which he claimed the right to possession, and in spite of the conclusory nature of his attorney's affidavit, the district court ordered the return of the merchandise. The prosecuting attorney applied to the Superior Court for a writ of certiorari which was granted. Holding unconstitutional JCrR 2.10(e), the rule pursuant to which the property was ordered returned, the Superior Court reversed the order of the district court. We granted direct review.

While the district court is the nominal appellant, Allen is the real party in interest on this appeal and it is his attorney who has argued it.

JCrR 2.10(e) provides:

**(e) Motion for Return of Property.** A person aggrieved by an unlawful search and seizure may move

the court for the return of the property on the ground that the property was illegally seized and that he is lawfully entitled to possession thereof. If the motion is granted, the property shall be returned. If a motion for return of property is made or comes on for hearing after an indictment or information is filed in the court in which the motion is pending, it shall be treated as a motion to suppress.

It appears that both the district court and the Superior Court understood this rule to require the return of seized property to the party from whom it was unlawfully taken, even where his possession was unlawful. The district court evidently was not disturbed by such a provision, but the Superior Court held it unconstitutional, being of the opinion that it operates to deprive the true owner of his property without due process of law, where the property has been stolen by the person from whom it was seized. The defect, the court indicated, would be cured if the rule had a provision for notice to such claimants or to someone who would protect their interests. Such notice, in its opinion, was not required under JCrR 10.02, which provides:

Reasonable notice shall be given to the opposing party or attorney of record of all motions and applications other than those ex parte. Where a motion or application is supported by an affidavit, a copy of such affidavit shall be served with the motion or application.

As the Superior Court construed this provision, it requires notice only to parties of record.

As the author of these rules, this court, of course, is in a position to reveal the actual meaning which was sought to be conveyed. However, we approach them as though they had been drafted by the legislature, and give the words their ordinary meaning, reading the language as a whole and seeking to give effect to all of it.

We think the courts below did not take sufficient account of the burden placed upon a person moving the court for the return of property which has been taken from him in an unlawful search and seizure. He must prove not only that the search and seizure was illegal, but also that he

is lawfully entitled to possession of the property seized. This means that he must offer proof sufficient to satisfy the court of his right to possession.

This rule, while not copied from Fed. R. Crim. P. 41(e), was patterned after it. Both provide that the motion can be made "on the ground that [the claimant] is lawfully entitled to possession." Cases decided under the federal rule, and at common law, hold that, even though the seizure was illegal, the party claiming the right to return of property cannot recover contraband or stolen goods. *See* 18 U.S.C.A. Rule 41(e); notes 456, 476. 79 C.J.S. *Searches and Seizures* § 113 (1952); 68 Am. Jur. 2d *Searches and Seizures* §§ 116 *et seq.* (1973). The federal Advisory Committee on Rules states that the rule is a codification of existing law and practice. 18 U.S.C.A. Rule 41, at 483.

Cases interpreting this and similar state rules have consistently said that if ownership is disputed, the claimant must resort to a civil remedy to establish his claim. In other words, title is not to be determined in a criminal proceeding, where the only proper parties are the defendant or defendants and the state or other governmental body involved. One such case is *United States v. Scott,* 149 F. Supp. 837 (D.D.C. 1957). The court in that case, having reason to believe from evidence adduced that the property unlawfully seized by officers was stolen, suppressed its use as evidence but refused to return the property to the defendant. Instead the court left it with the property custodian, without prejudice to the defendant's right to gain possession of it if he could establish the validity of his claim. *In accord, Lawrence v. Mullins,* 224 Tenn. 9, 449 S.W.2d 224 (1969); *Warden v. Hayden,* 387 U.S. 294, 18 L. Ed. 2d 782, 87 S. Ct. 1642 (1967).

It should be clear, therefore, that the hearing and motion for return of property illegally seized is not a proceeding in which the court tries or adjudicates title. Due process is not violated, since property is not taken. The purpose of the hearing is to determine the right to possession, as between the claimant and the court or officers having custody of the

property. And even so, the claimant must satisfy the court that he has a lawful right to possession of the property. If he convinces the court that he is lawfully entitled to possession, but there is in fact another with a superior right, that right is not preempted by the order returning the property to the claimant.

The cases of *State v. One 1972 Mercury Capri,* 85 Wn.2d 620, 537 P.2d 763 (1975); *State v. Matheason,* 84 Wn.2d 130, 524 P.2d 388 (1974); and *Everett v. Slade,* 83 Wn.2d 80, 515 P.2d 1295 (1973), relied upon by the respondent, involved forfeitures by governmental agencies. We held that such governmental appropriation of private property could not constitutionally be effected unless notice had been given to the owners. No forfeiture is involved when a court returns property to a person from whom it was unlawfully taken by a governmental agent. The rights of third parties are not foreclosed in such a proceeding.

It is obviously for this reason that under rules of this type, there is no requirement that notice be given to others claiming an interest in the property. Notice to the prosecutor should be sufficient. Presumably he is aware of the circumstances under which the property was seized; and if there is reason to believe that the property was stolen, he will see that the court is apprised of that fact, as was done in this case. He can also notify any other parties who might have an interest at stake. We think it safely can be assumed that the prosecutor will be diligent in protecting the interest of the state and law enforcement officers, as well as that of the owner of the property if the property is believed to be stolen. But if he does not, the rights of the owner are not forfeited. He can pursue the property in a civil action.

With respect to the notice requirements of JCrR 10.02, we think the court below read its language too narrowly. The rule requires notice to be given to the opposing party or attorney of record. The words "of record" modify "attorney." The only attorneys to whom notice can be given

effectively are those whom the opposing party has designated as his legal representatives—that is, his attorneys of record. But notice to the opposing party himself is always effective. Ordinarily, of course, the opposing party will be shown in the record, but there is an occasional case such as this one in which no complaint has been filed, wherein, strictly speaking, there is no opposing party of record. Nevertheless, the government has an interest in the disposition of the property. Notice to the prosecutor such as was given here or to the officer who seized the property should be sufficient to protect that interest.

Allen's counsel evidently had no difficulty in understanding that he should apprise the prosecutor of his intent to seek return of the property. Without an express notice requirement, the government appears to have always been represented at hearings under Fed. R. Crim. P. 41(e), and we have found no case where it was contended that lack of a notice requirement rendered the proceeding invalid. Certainly the court, which is legal custodian of the property, since it was presumably seized under its authority and since it has the power to direct its disposition,[1] can summon the

---

[1]With respect to property seized by aid of a warrant, RCW 10.79.030 recognizes this authority:

> When any officer in the execution of a search warrant shall find any stolen or embezzled property, or shall seize any other things for which a search is allowed by RCW 10.79.010 through 10.79.030, all the property and things so seized, shall be safely kept by the direction of the court or magistrate, so long as shall be necessary for the purpose of being produced in evidence on any trial, and as soon as may be afterwards, all such stolen and embezzled property shall be restored to the owner thereof, and all other things seized by virtue of such warrant shall be returned to the owner thereof if such may be legally done or shall be destroyed under direction of the court or magistrate.

The superior court criminal rules contain a provision identical to JCrR 2.10(e). Comments following it and the statute state that the rule supersedes the statute. This comment, like the one we had under consideration in *State v. Cummings,* 87 Wn.2d 612, 555 P.2d 835 (1976), is erroneous. There is no conflict between the statute and the rules. One governs the disposition of property taken legally by aid of a search warrant, and the other pertains to the claimant's right to have illegally seized property suppressed and/or returned to him.

proper officers to defend against the motion if the claimant has not given them notice.[2]

JCrR 10.02, if liberally construed to effect its purpose, is broad enough to provide for notice in a proceeding of this kind, and, in any event, lack of notice does not deprive the court of jurisdiction to direct the disposition of property in its custody. We repeat, however, that such disposition does not adjudicate title or prejudice the rights of other persons claiming an interest in the property. For these reasons, the rule does not operate to deprive other claimants of their property and, accordingly, does not deny the due process required by the state and federal constitutions.

The Superior Court was correct in its conclusion that the property in question should not be returned to the appellant. There was good reason to believe the property may have been stolen, and the doubts on this matter were not resolved by the affidavit of the appellant's attorney. The rule contemplates that the claimant, by his own testimony or affidavits, will show the court sufficient facts to convince it of his right to possession. If such a showing is not made, it is the court's duty to deny the motion. For this reason, the Superior Court was correct in setting aside the district court order. The right result was reached, but on a mistaken ground.

As thus modified, the judgment is affirmed.

WRIGHT, C.J., and HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.

---

[2]*See* ALI Model Code of Pre–Arraignment Procedure (1975), which covers the matter of custody and return of seized things in some detail, and has no provision requiring notice. *See* Article 280, Disposition of Seized Things.