[No. 11498–4–II.   Division Two.   August 16, 1989.]

SEEK SYSTEMS, INC., *Respondent,* v. SCULLY–WALTON, INC., *Appellant.*

*Thomas A. Cena, Jr.,* for appellant.

*Leslie O. Stomsvik,* for respondent.

PETRICH, J.—Scully–Walton, Inc., a New York corporation, appeals from the trial court's judgment on the arbitration award of July 27, 1987, and denial of its request for a trial de novo. The dispute that was submitted to arbitration concerned a contract which provided for the sale of computer equipment by Seek Systems, Inc., a Washington corporation, to Scully–Walton. Scully–Walton's notice and

request for trial de novo was in compliance with the statute, RCW 7.06.050, and the rules of the Supreme Court governing arbitration procedures, MAR 7.1. However, the request was not accompanied by a "note of issue placing the matter on the assignment calendar," as provided by Pierce County's local mandatory arbitration rule LMAR 7.1(a) as amended in March of 1986. Under the preamendment version of the local rule, there was no mention of a note of issue. The trial court denied the request for trial de novo because of noncompliance with the local rule and entered its judgment on the arbitration award.

While conceding that the amendment to the local rule was promulgated and filed in conformance with GR 7, Scully–Walton complains that little or no notice was given to the local bar of such a fundamental change in the rule. It argues further that since the local rule was silent as to the sanctions for noncompliance, the trial court's interpretation of the rule requiring denial of a trial de novo was fundamentally unfair.

We need not address Scully–Walton's contentions. While this appeal was pending the judges of the Pierce County Superior Court amended LMAR 7.1(a) effective July 1, 1989, by providing:

Failure to submit the note for assignment is not grounds for dismissal; however, the court may impose terms in its discretion.

We deem such an amendment to be remedial in nature and not to affect a substantive or vested right and, therefore, to have retrospective effect. Application of the amended rule to the present case requires a reversal.

General rules of statutory construction are employed in the application and interpretation of rules promulgated by the Supreme Court. *State v. McIntyre,* 92 Wn.2d 620, 622, 600 P.2d 1009 (1979); *State ex rel. Schillberg v. Everett Dist. Justice Court,* 90 Wn.2d 794, 797, 585 P.2d 1177 (1978). We see no reason why the same principles should not apply to the interpretation of local court rules.

A statute ordinarily operates prospectively unless it is remedial in nature or the Legislature specifically provides that it is to be applied retrospectively. Where no substantive or vested rights are affected, a statute is remedial and has a retrospective application when it relates to practice, procedure or remedies. *Miebach v. Colasurdo,* 102 Wn.2d 170, 181, 685 P.2d 1074 (1984); *Johnston v. Beneficial Mgt. Corp. of Am.,* 85 Wn.2d 637, 641, 538 P.2d 510 (1975). Remedial statutes adopted during the course of an appeal are applied retrospectively to the case then under review. *Marine Power & Equip. Co. v. Human Rights Comm'n Hearing Tribunal,* 39 Wn. App. 609, 620, 694 P.2d 697 (1985).

Applying these principles to the local rule as amended, it is clear that the rule as amended is remedial in nature; that no substantive or vested rights are affected; and that the rule as amended should be applied retrospectively to this case now under review.

Accordingly, the judgment below is reversed and the matter is remanded for further proceedings.

ALEXANDER, C.J., and REED, J., concur.