[No. 11880-1-III.   Division Three.   December 10, 1992.]

CELIA FARRARE, *Appellant*, v. THE CITY OF PASCO, *Respondent.*

*David R. Hevel* and *David R. Hevel Law Offices,* for appellant.

*Greg A. Rubstello, City Attorney,* for respondent.

MUNSON, J. — Celia Farrare appeals a summary judgment dismissal of her declaratory judgment action against the City of Pasco (Pasco). She claimed a right to approximately $36,900 she discovered in a passenger's carry-on luggage while employed as an x-ray security examiner at the Tri-Cities Airport. Ms. Farrare contends: (1) her claim is not barred by the statute of limitation or by laches; (2) her right as first finder is superior to Pasco's; (3) Pasco's claim under RCW 69.50.505 is invalid because Pasco lacked jurisdiction at the airport and failed to notify her of the forfeiture proceeding; and (4) her first-finder's rights are still viable because neither party complied with RCW 63.21.

Ms. Farrare was employed by the Tri-Cities Airport, owned by the Port of Pasco. Her job was to screen carry-on luggage using an x-ray viewing screen and to report anything suspicious to airport security.

On May 23, 1987, Harvey Partida, a ticketed passenger, put a suitcase through x-ray security at the airport before boarding an airplane. Ms. Farrare observed what appeared to be bundled currency and an explosive device in the suitcase. The suitcase was locked; Mr. Partida said the key was in his car. She reported this to her supervisor, Sam Hansen, who requested help from the Pasco police. The Pasco police arrived and seized the suitcase. Later that day Ms. Farrare learned from Officer Hansen the bomb squad had opened the suitcase; had not found an explosive device but had discovered $36,900; Mr. Partida denied ownership of the money; and Officer Nelson seized the money pursuant to RCW 69.50-.505[1] because Mr. Partida fit the profile of a drug trafficker. Officer Nelson issued a receipt to Mr. Partida for $36,900.

Mr. Partida immediately filed a claim under RCW 69.50-.505 for the money. On April 25, 1988, his claim was dismissed because of his inability to establish ownership.

Ms. Farrare neither timely submitted a claim for the money under RCW 69.50.505(d) and (e), nor reported the money as lost and found by her pursuant to RCW 63.21-.010(2).[2]

---

[1]Former RCW 69.50.505 stated in pertinent part:

"**Seizure and forfeiture.** (a) The following are subject to seizure and forfeiture:

". . . .

"(7) All moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this chapter, . . .

". . . . .

"(d) If no person notifies the seizing law enforcement agency in writing of the person's claim of ownership or right to possession of items specified in subsection . . . (a)(7) . . . within forty-five days of the seizure, the item seized shall be deemed forfeited."

[2]RCW 63.21.010(2) provides:

"Within seven days report the find of property and surrender, if requested, the property and a copy of the evidence of the value of the property to the chief law enforcement officer, or his or her designated representative, of the governmental entity where the property was found, and serve written notice upon the officer of the finder's intent to claim the property if the owner does not make out his or her right to it under this chapter;"

In December 1989, Ms. Farrare wrote a letter to the Pasco city manager, claiming the money. In response, Ms. Farrare was told the Franklin County Superior Court had ordered the forfeiture of the money to Pasco, and Pasco had budgeted and spent the money for drug law enforcement in accordance with RCW 69.50.505. She was also informed her claim for unlawful seizure by Pasco was barred by the 3-year statute of limitation.

On March 7, 1991, approximately 3 years 9 months after the airport seizure, Ms. Farrare filed her declaratory judgment action. Pasco moved for summary judgment based on failure to state a cause of action. Ms. Farrare opposed that motion and sought summary judgment in her favor. The motions are not part of the record. The trial court determined the claim was barred by the 3-year statute of limitation, RCW 4.16.080(2), and granted Pasco's motion for summary judgment. This appeal followed.

In reviewing a summary judgment order, the court will consider the evidence de novo, in the light most favorable to the nonmoving party, to determine whether there is a genuine issue of material fact. *In re Estates of Hibbard*, 118 Wn.2d 737, 744, 826 P.2d 690 (1992).

Ms. Farrare claims she is the first finder of lost property with rights superior to all but the true owner. RCW 63.21.

Property is "lost" when the owner has involuntarily parted with it and does not know its location. 1 Am. Jur. 2d *Abandoned, Lost, Etc., Property* § 2, at 4 (2d ed. 1962) (citing *Jackson v. Steinberg*, 186 Or. 129, 133, 200 P.2d 376, 377 (1948), and other citations). From the manner in which the currency was placed in the locked luggage and the circumstances comprising probable cause to believe the money was drug related, it must be presumed the concealment was deliberate. The currency, therefore, cannot be characterized as "lost". Property in possession of another cannot be "found" in the legal sense of lost property. 1 Am. Jur. 2d, *supra*, § 3, at 5.

Moreover, Ms. Farrare was employed to visually search closed luggage for illegal items and report them to an airport

security officer. There is no evidence the terms of her employment gave her the personal right to any property which she observed on the screen and reported to the authorities.

Ms. Farrare contends she has rights against all but the true owner of the money because neither party complied with RCW 63.21.

RCW 63.21.010 provides a procedure by which a finder may assert a claim to found property that is not unlawful to possess, by reporting the find within 7 days and surrendering, if requested, where found to the chief law enforcement officer of the entity and, within 30 days, publishing notice of the finding. The chief law enforcement officer's duties include advising the finder if the found property is illegal to possess, if the property is to be held as evidence in official proceedings, and of the procedures to be followed in claiming the found property. *See* RCW 63.21.050. Failure to comply with the statute results in forfeiture of all rights to the property. RCW 63.21.040. Ms. Farrare failed to timely comply with the statute.

Next, Ms. Farrare contends Pasco's claim under RCW 69.50.505 was invalid because the Port of Pasco has exclusive jurisdiction over the Tri-Cities Airport.

*King Cy. v. Port of Seattle*, 37 Wn.2d 338, 223 P.2d 834 (1950), relied on by Ms. Farrare, is not on point. *King Cy.*, at 347-48, held the exclusive jurisdiction of the municipality operating an airport over the licensing of taxis was constitutional. It did not reach the issue of the constitutionality of granting police power to a port district operating an airport. *King Cy.*, at 350.

Although a port district may appoint police officers with full police powers, RCW 53.08.280, "a general authority Washington peace officer", who is qualified, may enforce the criminal laws of the State throughout the state under certain circumstances, including responding to a request for assistance pursuant to a mutual law enforcement assistance agreement. RCW 10.93.070(3). Here, Pasco police responded to a specific request for assistance from the port. There is no

evidence this was not a lawful response. Pasco properly seized the money, as a matter of law.

Ms. Farrare also contends Pasco is estopped from asserting the statute of limitation by its failure to comply with the RCW 69.50.505(c) 15-day notice requirement. She alleges Pasco chose not to notify her because it believed it could not prevail against her superior claim.

> Estoppel in pais is available to prevent fraudulent or inequitable resort to the statutes of limitation. . . . [T]he doctrine applies when a defendant has concealed facts or otherwise induced a plaintiff not to bring suit.

(Citations omitted.) *Wood v. Gibbons*, 38 Wn. App. 343, 346, 685 P.2d 619, *review denied*, 103 Wn.2d 1009 (1984).

■ RCW 69.50.505(c) requires the entity authorized to make the seizure to serve notice within 15 days of seizure on the property owner, the person in charge of the property and "any person having any known right or interest therein". Here, notice was given to the person in charge of the property, Mr. Partida, since the owner was unknown. Ms. Farrare had made no claim to the property. Pasco could not reasonably have known of her interest and, therefore, was not required to notify her under RCW 69.50.505. She cannot prevail because of a supposed inequitable failure of Pasco to notify her.

Ms. Farrare further contends the summary judgment requires reversal because she filed her claim within a year of discovery of Pasco's seizure of the money and the 3-year statute of limitation was tolled by the discovery rule.

■ The seizure, based on probable cause to believe the property was used or was intended to be used in violation of RCW 69.50, was complete on May 23, 1987, not in December 1989. *See* RCW 69.50.505(b)(1), (b)(4), (d) (automatic forfeiture after 45 days following lawful seizure of money if no person notifies the seizing law enforcement agency in writing of the person's claim). Ms. Farrare did not notify the police of her claim within the statutory time period. She has forfeited any claim she may have had. *See* RCW 69.50.505(d).

■ As to a tort action, RCW 4.16.080 provides the following action must be commenced within 3 years: "(2) An action for taking . . . personal property, including an action for the specific recovery thereof, or for any other injury to . . . rights of another. . .". Ordinarily an action accrues when the act occurs. *Gevaart v. Metco Constr., Inc.*, 111 Wn.2d 499, 501, 760 P.2d 348 (1988). The discovery rule, however, tolls the statute of limitation until the plaintiff, exercising due diligence, knows or should have known all the essential elements of the action. *Hibbard*, at 752 (filed after the parties filed their briefs). The statute is not tolled, however, because the claimant is unaware of the legal cause of action. *Gevaart*, at 502.

Ms. Farrare claims Pasco's unlawful seizure of funds was an unspecified tort, presumably the tort of conversion, an act of negligence, or an intentional tort. Ms. Farrare knew or should have known of all the elements on the day of May 23, 1987, when she learned of the seizure by Pasco and Mr. Partida's denial of ownership. Almost 2 years later, an airport employee told her she had a right to claim the money. Yet her first attempt to claim the money occurred in December 1989 when she wrote a letter to the city attorney. She did not file her claim until March 7, 1991. There is no genuine issue of material fact as to her knowledge of all the essential elements. Her lack of knowledge of the legal cause of action is irrelevant.

Ms. Farrare also contends Pasco's active concealment of her rights requires the tolling of the statute of limitation. Although active concealment may toll the statutory period, *see Hibbard*, at 750, the record does not show Ms. Farrare attempted to determine her rights until after the statutory period expired. Nor is there any indication Pasco actively concealed her rights. Therefore, the discovery rule does not apply. The statute of limitation bars Ms. Farrare's claim.

Affirmed.

SHIELDS, C.J., and SWEENEY, J., concur.