# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| Respondent, | ) | No. 69560-6-I |
| v. | ) | UNPUBLISHED OPINION |
| JEFFREY HUYNH, | ) | |
| Appellant. | ) | FILED: April 20, 2015 |

2015 APR 20 AM 9: 14

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

DWYER, J. — Several months after Jeffrey Huynh was convicted as charged of two drug offenses, he filed a motion for the return of property that was seized when he was arrested for those crimes. Huynh now appeals the trial court's order dismissing that motion, alleging that he was entitled to an evidentiary hearing on the motion. Finding no error, we affirm.[1]

I

Over four thousand dollars in cash and a cellular telephone were seized from Huynh when he was arrested. The State charged Huynh with possession of a controlled substance (cocaine) with intent to manufacture or deliver[2] and conspiracy to possess a controlled substance (cocaine) with intent to manufacture or deliver.[3] On January 27, 2012, he was convicted following a jury trial, and the judgment and sentence were upheld on appeal. State v. Huynh, 175 Wn. App. 896, 307 P.3d 788, review denied, 179 Wn.2d 1007 (2013).

---

[1] We also address whether Huynh's claim is appealable as of right.
[2] RCW 69.50.401.
[3] RCW 69.50.401; RCW 69.50.407.

Several months after the conviction, Huynh filed a pro se motion for return of property pursuant to CrR 2.3(e). He noted a hearing and requested transport from prison to facilitate his presence at the hearing. In the briefing on the motion, the parties submitted evidence in addition to argument. The State alleged that the property had been forfeited to the seizing agency pursuant to the seizure and forfeiture law, RCW 69.50.505. It attached a notice of seizure, dated May 24, 2011, which stated that it had been personally served upon Huynh, and a declaration of forfeiture, dated July 28, 2011, in support of its allegation. In his submissions, Huynh included an e-mail exchange from March 2012 that indicated that, at least as of that time, Huynh was aware that his property had been forfeited.

At a hearing on October 17, 2012, the State argued that, because the property had been forfeited, it was not necessary to hold an evidentiary hearing on the motion. Based on the evidence presented, the court denied Huynh's motion, striking it because the "property was previously forfeited under civil forfeiture RCW 69.50.505 and is not properly before the court." Huynh was not transported for this hearing.

Huynh appealed the order denying his motion. The appeal was initially designated as a motion for discretionary review. Notation Ruling, No. 69560-6-1 (Oct. 29, 2012). However, a commissioner declined to apply the discretionary review criteria and, instead, treated the order as appealable. Notation Ruling, No. 69560-6-1 (Feb. 26, 2014). Counsel was appointed for Huynh. The commissioner's order requested that, in addition to the merits, the parties

address whether an order denying a motion for return of property is subject to direct review on appeal.

## II

CrR 2.3(e)[4] governs motions for return of property by any person aggrieved by an unlawful search and seizure and also for the return of lawfully seized property no longer needed for evidence. State v. Alaway, 64 Wn. App. 796, 798, 828 P.2d 591 (1992). RCW 69.50.505[5] establishes the exclusive means for a law enforcement agency to forfeit seized property allegedly used in connection with illegal drug activity. It also provides the exclusive, mandatory means for a person claiming a right of ownership or possession to challenge the forfeiture.

If the seizing agency does not utilize the statute, the person claiming a right to possession may bring a CrR 2.3(e) motion for the return of the property. Alaway, 64 Wn. App. at 798. However, if the agency complies with the forfeiture

---

[4] CrR 2.3(e) provides:
A person aggrieved by an unlawful search and seizure may move the court for the return of the property on the ground that the property was illegally seized and that the person is lawfully entitled to possession thereof. If the motion is granted the property shall be returned. If a motion for return of property is made or comes on for hearing after an indictment or information is filed in the court in which the motion is pending, it shall be treated as a motion to suppress.

[5] RCW 69.50.505(3) and (4) provide, in pertinent part:
(3) . . . [P]roceedings for forfeiture shall be deemed commenced by the seizure. The law enforcement agency under whose authority the seizure was made shall cause notice to be served within fifteen days following the seizure on the owner of the property seized and the person in charge thereof and any person having any known right or interest therein, including any community property interest, of the seizure and intended forfeiture of the seized property. Service of notice of seizure of real property shall be made according to the rules of civil procedure.
(4) If no person notifies the seizing law enforcement agency in writing of the person's claim of ownership or right to possession of items . . . within forty-five days of the service of notice from the seizing agency in the case of personal property . . . , the item seized shall be deemed forfeited.

statute, a person claiming ownership or possession of the property must respond to a forfeiture notice within the statutorily mandated 45 days or forfeit any claim. Farrare v. City of Pasco, 68 Wn. App. 459, 464, 843 P.2d 1082 (1992).

Although Huynh did not assert a claim to the cash or telephone during the forfeiture proceeding, he argues that the trial court herein should have conducted an evidentiary hearing to decide the validity of that forfeiture.

The purpose of a CrR 2.3(e) hearing is solely "to determine the right to possession, as between the claimant and the court or officers having custody of the property." State ex rel. Schillberg v. Everett Dist. Justice Court, 90 Wn.2d 794, 798-99, 585 P.2d 1177 (1978). Where the ownership of the property is disputed, the claimant must resort to a civil remedy to establish his claim. Schillberg, 90 Wn.2d at 798.

Because the State established that the cash and telephone had been forfeited, the provisions of CrR 2.3(e) were no longer applicable. Thus, no evidentiary hearing was necessary.

III

The parties were also asked to address whether an order denying a motion for return of property is subject to direct review on appeal.

As a preliminary matter, because a motion pursuant to CrR 2.3(e) is treated differently depending on the stage of the proceeding at which it is filed,[6]

---

[6] For example, "[i]f a motion for return of property is made or comes on for hearing after an indictment or information is filed in the court in which the motion is pending, it shall be treated as a motion to suppress." CrR 2.3(e).

there is no single answer to this question. Therefore, we address this issue only as presented by the facts of this case.[7]

RAP 2.2 governs which decisions of the superior court may be appealed. It provides, in pertinent part, that a party may appeal from "[a]ny final order made after judgment that affects a substantial right." RAP 2.2(a)(13).

Huynh filed his CrR 2.3(e) motion several months after judgment was entered in the underlying criminal case. Thus, the appealability of that order depends on whether it is a final order affecting a substantial right.

As set forth above, the hearing held pursuant to CrR 2.3(e) does not adjudicate title to the property at issue. State v. Marks, 114 Wn.2d 724, 733, 790 P.2d 138 (1990). If ownership of the property is disputed, the defendant must resort to a civil remedy to establish his claim to title. Schillberg, 90 Wn.2d at 798.

Huynh's pleadings clearly put ownership of the property at issue in dispute. However, Huynh's claim to title could not be established at a CrR 2.3 hearing. Therefore, to the extent that Huynh did have any right to the property at issue, the trial court's order on his CrR 2.3(e) motion could not have affected that right.

The trial court's order, thus, was not a final order after judgment affecting a substantial right and was not among the limited categories of superior court

---

[7] See generally State v. Richardson, 177 Wn.2d 351, 302 P.3d 156 (2013) (limiting an appealability analysis to the situation therein presented—an order denying a motion to unseal criminal records that was entered *after* final judgment in the underlying criminal proceeding).

No. 69560-6-I/6

decisions that are appealable as of right. Instead, it was properly subject to discretionary review pursuant to RAP 2.3.[8]

Affirmed.

<span style="float:right">Dwyer, J.</span>

We concur:

Trickey, J.                    Leach, J.

---

[8] Because our commissioner allowed the case to proceed as an appeal, we have addressed the merits of Huynh's claim.

- 6 -